## FREDERICK ERWEN ALIAS IRVIN vs. THE STATE OF MISSOURI.

If an indictment fails to state the *time* when the offence was committed, it is bad.

FREDERICK ERWEN alias IRVIN vs. THE STATE OF MISSOURI.

APPEAL FROM ST. LOUIS CRIMINAL COURT.

THOMPSON for appellant:

That no time is set forth when the alleged larceny was committed, and in this respect the re-·cord is substantially defective in its force.

An indictment without time is a pure anomaly in criminal pleadings. Wharton's criminal law, p. 72, says "time and place must be attached to every material fact averred. But the time of committing an offence except where the time enters into the nature of the offence may be· laid on any day previous to the finding of the bill during the period within which it may be prosecuted."

Again, page 73: "It is requisite with some exception to name both the day and the year. The month without the year is insufficient. If the date be laid in blank so that it does not appear, if the offence was barred by limitation or not the judgment will be arrested." Express authority on this point also to be found, 1st Stewart's Ala. Rep. 318, State vs. Beckwith. 2d, Haywood p. 552, State vs. Roach.

Wharton again, p. 75: "If the fact be stated as to time or place with repugnancy or uncertainty the indictment will be bad." See also 2d Missouri Reports, 185, State vs. Hardwick; 3d do, 45, Jane, a slave vs. the State. Wharton again, p. 76: "Where time is limited for prefering an indictment the time laid should appear to be within the time so limited." If repugnancy or uncertainty as, to time will vitiate an indictment, what shall we say of one who says nothing of time. This is beyond dispute *uncertain* in that respect. All crimes except those punishable with death or imprisonment in the penitentiary for life are subject to statutory limitation. See Rev. Stat., p. 895. Indictments in this State are held not defective on account of certain omissions. See Rev. Stat., p. 869. But nothing is said about leaving out *time*. See also as to time, Archibold's Crim. Pl., p. 37. "If no time or place be stated or if the time or place stated be uncertain or repugnant, the defendant may demur." It is true that after verdict, judgment in England cannot be arrested for a defect as to time. But this required a British stat. See Archibold, same page.

There is not a treatise on criminal law which I might not refer to, to show that time is essential in an indictment. In fact I regard the proposition as almost too plain for argument.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for grand larceny, by the grand jury of Saint Louis county, was tried and convicted. He thereupon made his motion in arrest of judgment, assigning as the reason in support of the motion, the insufficiency of the indictment in this, that there is no time alleged when the felony was committed. Upon looking into the record of the proceedings of the criminal court, I find that the indictment wholly omits to allege any time at which the offence was committed.

This is a fatal error; for which the court below should have sustained the motion in arrest. It is thought unnecessary to cite authorities upon this question. Every indictment must contain sufficient certainty in the criminal charge; and without averring sometime no such certainty can be found.

The authorities cited by the defendants counsel fully sustain him in his view of the case. Let the judgment be reversed.