WILLIAM H. LEE, Defendant in Error, *v.* GEORGE W. CASEY, Plaintiff in Error.

1. *Practice — Pleading — Answer.* —An answer, to a petition alleging that defendant owes plaintiff for goods sold and delivered, denying the indebtness, impliedly admits the sale and delivery.
2. *Practice — Demand.* — To avail himself of the want of demand prior to action brought, the defendant must plead the failure to make demand—R. C. 1855, p. 448, § 34.

*Error to Henry Circuit Court.*

*F. P. Wright* and *R. L. Burge*, for plaintiff in error.

HOLMES, Judge, delivered the opinion of the court.

The petition states that the defendant owes the plaintiff the sum of two hundred and fifty dollars on account of an ox-wagon and two horses sold and delivered to him. The answer denies the indebtedness, but does not specifically deny the sale and delivery of the property. It appeared in evidence that the property was delivered to the defendant in pursuance of a written agreement for the sale and conveyance of a tract of land by the defendant to the plaintiff, and was to be in part payment of the purchase money. The plaintiff had executed his note to the defendant for the balance, and received a bond for a deed when the note should be paid, and had taken the possession of the land. It was a part of the written contract, that, if the note should not be

paid when due, the defendant should take back the land and return the wagon and horses. It appears from the evidence that the contract was in fact rescinded, and the defendant sold and conveyed the land to another person. The plaintiff now sues him for the horses and wagon. Upon the trial, the court found a verdict, and gave judgment for the plaintiff for the amount of his demand.

The defendant himself having elected to consider the contract as rescinded in accordance with its express terms, it would seem to be no more than just that the plaintiff should have a return of the horses and wagon, or be paid their value. The answer, in effect, admits the sale and the delivery. The instructions which were refused for the defendant assume that the action is trover, and that a demand was necessary before suit commenced. It is not an action in the nature of trover; and if it were, that objection would be of no avail, unless the want of a demand had been expressly set up by way of defence in the answer—R. C. 1855, p. 448, § 34.

Upon the case made, it may very well have been considered as a sale and delivery of the property; and as the mode of payment, which was first contemplated, was conditional under the terms of the agreement, and had failed, or was changed at the election of the defendant, it may be implied that he undertook to pay their value if not returned.

The contract was read in evidence, and a witness called to prove, that, when it was first drawn, it did not contain the words " and said Casey is to give possession of property paid"; but he does not say that they were not contained in the instrument when it was signed and delivered. The contract was properly admitted in evidence.

The judgment was for the right party, and we find no error that will warrant us in reversing it.

Judgment affirmed. The other judges concur.