W. A. RAITHEL, Defendant in Error, *v.* CHARLES L. DEZETTER, Plaintiff in Error.

1. *Practice, Civil — Pleading — Trover — Demand — Tender — Instructions.* — In an action of trover, defendant cannot, by his instructions to the jury, either directly or indirectly avail himself of the want of demand by plaintiff for the property sued upon, unless the failure of demand has been expressly set up by way of defense, accompanied with tender. (Gen. Stat. 1865, p. 691, chap. 173, § 34.)

*Error to Cole Circuit Court.*

*Lay & Belch,* for plaintiff in error.

*Ewing & Smith,* for defendant in error.

I. There was no want of demand pleaded, and hence the defendant could not avail himself of any such defense at the trial. (R. C. 1855, p. 448, § 34; Gen. Stat. 1865, p. 691, § 34; 30 Mo. 252; 39 Mo. 383.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff brings an action in the Cole County Circuit Court, for conversion of personal property, principally farm implements, in the nature of an action of trover. Defendant denies the taking and conversion. The evidence shows that the plaintiff sold defendant a farm, reserving in writing the use of half the smoke-house. When he left the farm he placed the property for which he sues in the smoke-house, and locked it. The defendant,

about a month after, desirous of smoking his meat, removed the property and placed it in another building on the farm. The plaintiff, finding it removed, without seeing the defendant, commenced suit. The court, at the instance of the plaintiff, gave the following instruction: "If the jury believe from the evidence in this case that, on the 15th day of April, 1865, plaintiff was the owner of the property mentioned in his petition, and that afterward the defendant, without leave and wrongfully, took the same and converted the same to his own use, and has not returned it to plaintiff, they will find for plaintiff," etc., to which defendant excepted.

The court, at the instance of defendant, gave the following instruction:

1. It devolves on the plaintiff to prove to the satisfaction of the jury that the defendant took from the plaintiff the property mentioned in the petition, or some part thereof, and converted the same to defendant's use; and in the absence of such proof they will find for the defendant.

But the court refused the following:

2. If the jury believe from the evidence that the smoke-house, in which it is averred that plaintiff had put his property, was to be used jointly by plaintiff and defendant, and they further believe from the evidence that defendant did no more than to move them out of the smoke-house for the purpose of using said smoke-house to smoke his meat, they will find for defendant.

3. If the jury believe from the evidence that the plaintiff and defendant were to use the smoke-house jointly, and the plaintiff did put some property in the same, the simple removal of the same to an adjacent or adjoining building is not a conversion of the property.

4. If the jury believe from the evidence that the smoke-house was jointly occupied by plaintiff and defendant, the removal of the same (plaintiff's property) to an adjacent building is no conversion, without a demand by plaintiff and a refusal by the defendant to deliver it to plaintiff; and it devolves on the plaintiff to prove such demand and refusal of delivery.

The case was submitted to the jury, and verdict rendered for

plaintiff for the value of the property. Motions for new trial and in arrest overruled, and judgment entered.

The only objection we see to the instruction given for plaintiff is, that the legal inference that the defendant wrongfully took the property and converted it to his own use seems to be left to the jury. The wrongful taking and conversion are inferences of law from the facts. But the defendant cannot complain, for the first instruction asked and given for him is substantially the same. The fourth instruction asked by defendant was rightfully refused, for the reason that the defendant in his answer had failed to put himself in position to demand it.

By section 34, chapter 173, of the General Statutes, a party is rendered unable to avail himself of the objection that no demand has been made of the subject matter of a suit, whether of money or property, unless it is expressly set up by way of defense, accompanied with tender. No such want of demand was set up in the answer, and no tender has been made.

The incorrectness of the second and third instructions is less apparent. The removal of the property by the defendant from the smoke-house for storage elsewhere, when he had equal rights with the plaintiff to the use of the smoke-house, could not have been in itself tortious, especially when we consider that the proper use of the smoke-house was for curing meat—not for storage. Having removed it, as hypothetically stated in these instructions, his possession can only become wrongful by exercising acts of ownership over it, or by holding it against the will of the owner. How can he know the will of the owner without some manifestation of that will—without a demand or something equivalent to it? Moreover, the law requires a demand, when the original possession was innocent, as evidence of conversion. But, by the statute, the want of a demand "shall not be available to a party" unless it is set up and tender made. The defendant then is deprived of the evidence of his innocent holding. He is prohibited, under the pleadings, from showing that such holding was never terminated—that it never became wrongful by demand and refusal. The second instruction, then, would be no better than the fourth. It would not do to instruct the jury, under the

facts supposed, to find for the defendant, without telling them that they must also believe that the plaintiff had not demanded the property. But by the statute and pleadings this want of demand is not "available to" the defendant. The third instruction is correct, as a legal proposition.

The removal of the property, as there supposed, is not a conversion. But what benefit would this statement to the jury have been to the defendant, when the evidence of his innocent holding is unavailable to him? He took it from the plaintiff's possession under circumstances that did not amount to a conversion. When sued for it, he failed to bring it forward and show by his answer that the plaintiff had never asked for it, but holds on to the property. We think this case comes within the statute, and that there was no substantial error in refusing these instructions. (Lee v. Casey, 39 Mo. 383.)

Judgment affirmed. The other judges concur.