WILLIAM T. FISHER, Respondent, *v.* THE CITY OF ST. LOUIS Appellant.

1. *Practice, Civil — Pleading — Want of demand.* — Want of demand by plaintiff, to be of any avail to defendant, must be pleaded.
2. *Practice, Civil — City of St. Louis — Contract — Suit for price — Tax bills.* — The city of St. Louis agreed with plaintiff to pay for certain work in tax bills. The work was done, but the tax bills proved to be invalid. *Held,* that plaintiff properly brought suit to recover the contract price for the work, without returning the void bills and demanding others; nor was he obliged to sue for failure to issue and deliver proper tax bills.

*Appeal from St. Louis Circuit Court.*

*Reber,* city counselor, for appellant.

The action should have been brought for failing to issue and deliver to plaintiff proper tax bills, and not for work done.

*Grace,* and *Clover,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

On the 17th of September, 1866, the plaintiff made two contracts with the city for filling up certain ponds situated on private property within the city limits, which had been considered as nuisances. The contracts provided that the work should be paid for "in special tax bills assessed against the owner or owners of the property where the work was done," and that the delivery of such tax bills to the contractor should be in "full payment" for such work.

The plaintiff performed the service contemplated by the contract, and received, as in payment, certain tax bills, which proved to be invalid, uncollectable, and worthless, having been issued without competent legal authority. This suit is brought to

recover the contract price of the work, accompanied with an offer to surrender the tax bills, which are alleged to be illegal and void. The answer denies the alleged invalidity of the tax bills, and avers that the delivery of them to the plaintiff, and their acceptance by him, constituted full payment and satisfaction of the claim sued on.

The precise ground of defense alleged in the answer, however, is not insisted upon here. It is not here claimed either that the bills were valid, or that their acceptance constituted a payment and satisfaction of the plaintiff's demand. It is claimed, nevertheless, that the city had the requisite power to issue legal tax bills binding on the property-owners; and that, having that power, it was not bound to pay in any other manner than in the bills, as stipulated in the contract; and that the plaintiff can therefore have no right of action, notwithstanding the invalidity of the bills delivered to him, "until he demands other bills and they are refused him."

This line of defense is wholly outside the issues made by the pleadings. It is not alleged in the answer, and is not available here. The defense alleged in the answer is payment. That defense has broken down, and the point now made in respect to demand and refusal comes too late, whatever might be thought of its merits. The objection is that the plaintiff failed to return the void bills and demand others. This fact, if of any materiality, should have been pleaded. (Gen. Stat. 1865, p. 691, § 34; 39 Mo. 383; 43 Mo. 145.) But we are not inclined to regard the fact as material. It was the duty of the defendant to correct its own mistakes, and to tender payment of the admitted indebtedness, whether in money or tax bills. But it is suggested that the action should have been brought for failing to issue and deliver to the plaintiff proper tax bills, and not for work done. We think the action well brought. The plaintiff had rendered the stipulated service, and was entitled to compensation. If he had not been paid, it was his right to sue for the value of the work. (Wetmore v. Campbell, 2 Sandf. 341; see *id.* 350–1.)

Judgment affirmed. Judge Bliss concurs. Judge Wagner absent.