Battel v. Crawford.

————o————

JAMES BATTEL, Appellant, *vs.* WILLIAM H. CRAWFORD, Respondent.

1. *Pleading—Trover and conversion—Demand and refusal—Allegations and proof as to.*—In suit for conversion of money, the petition is not fatally defective for not alleging in direct and positive terms that defendant wrongfully converted the money to his own use, where these facts substantially appear in the pleading. And where the conversion is alleged, it is unnecessary to allege demand of payment and refusal. And they need not be proved where failure of demand is not set up in the answer.

*Appeal from Caldwell Circuit Court.*

*Hill & Carter*, for Appellant.

*Hall & Johnson, with Murat*, for Respondent.

HOUGH, Judge, delivered the opinion of the court.

The question presented by the record in this cause for the consideration of the court, is the sufficiency of the following petition: " Plaintiff states, that on or about the — day of ———, 1864, he made defendant his agent, to safely keep and preserve for him in defendant's iron fire and burglar proof safe or otherwise, plaintiff's money ; that plaintiff thereupon, then and there deposited with and delivered to defendant, as on special deposit for said purpose, the sum of $218.50; that defendant then and there received of plaintiff said sum of money, and undertook and agreed to keep and safely preserve the same as aforesaid for plaintiff, and was to return the same to plaintiff, whenever thereafter requested by plaintiff so to do ; that soon thereafter, defendant, for the purpose of deceiving and misleading plaintiff, and of pre-

venting plaintiff from the commencement of an action against him for the recovery of said money, did deceitfully, falsely and fraudulently state and represent to plaintiff and divers other persons, that he, said defendant, had been robbed by rebels and bushwhackers of said money belonging to plaintiff, and of divers other sums of money so and in like manner deposited with him by other persons; that plaintiff relied and acted upon the said false and fraudulent statements and representations, and did not discover their falsity until on or about the beginning of the year 1870, when plaintiff discovered that said defendant had not been robbed, as was stated and represented by defendant, but that he, said defendant, had wrongfully converted said money to his,—defendant's—own use and benefit. Wherefore plaintiff asks judgment against said defendant for the said sum of $218.50, and the interest thereon at ten per cent. per annum, from the — day of —— ——, 1864, and costs of this action."

To this petition the defendant answered with a general denial, and a plea of the statute of limitations, to which plea of the statute the plaintiff replied.

At the trial defendant objected to the introduction of any evidence by the plaintiff, for the reason that the petition did not state facts sufficient to constitute a cause of action, which objection was by the court sustained, and all testimony offered by the plaintiff was excluded; to which ruling of the court plaintiff excepted, and thereupon took a non-suit with leave to move to set the same aside; and after an unsuccessful motion for that purpose, brings the case here by appeal.

It is objected here, that the petition is fatally defective in not alleging in direct and positive terms, that the defendant had wrongfully converted the money to his own use, and also in failing to allege any demand and refusal. The petition is extremely inartificial, but it contains the substance of a good complaint. The conversion by the defendant of the special deposit is substantially alleged; and while the petition is lacking in formality and precision, yet in view of the duty imposed by statute to distinguish between form and

substance, we think we would be manifesting a fastidious regard for exactness in pleading, without precedent since the adoption of the code, were we to turn the plaintiff out of court on this point.

As to the second point, when conversion is in terms alleged, it is unnecessary to allege a demand and refusal, though the defendant may have become lawfully possessed of the property converted. Evidence of demand and refusal may be necessary to establish the conversion, but it is not necessary to plead the evidence. If it were, the defendant is in no position to make the objection to the want either of such allegation or proof, as he has not alleged in his answer any want of demand. (Wagn. Stat., 347, § 34; Lee vs. Casey, 39 Mo., 383; Westcott vs. Montreville, 30 Mo., 252; Reid vs. Mullins, 43 Mo., 306; Raithel vs. Dezetter, 43 Mo., 145; Fisher vs. City of St. Louis, 44 Mo., 482.)

The further point is made, that there is no bill of exceptions in this case; and that we cannot, therefore, review the rulings of the court below. We find a bill of exceptions as a part of the transcript here marked as filed, and we see no reason for rejecting it as a part of the record.

The Circuit Court erred in refusing to permit the plaintiff to introduce evidence under his petition, and its judgment is therefore reversed and the cause remanded; the other judges concur.