## TIMOTHY COTTER et al., Appellants, v. KANSAS CITY.

### Division Two, June 17, 1913.

CITIES: Contracts: To be in Writing. In 1895 the city of Westport, now a part of Kansas City, passed an ordinance for the construction of sewers. The ordinance provided that the work should be paid for in special taxbills, and that in no event should the city be liable for the cost. The plaintiff contracted to do the work, his contract stating that the city should not be liable for payment otherwise than by issuing the taxbills, and that he himself assumed all risks as to them and took them without recourse against the city. The law giving the city power to build sewers in this manner was afterwards declared unconstitutional. The work was done, and now plaintiff sues for a balance remaining due upon the taxbills. *Held,* that there can be no recovery. The contract expressly provided that the city should not be liable, and the city, under the statute then in force, could not be held without a contract in writing.

Appeal from Jackson Circuit Court.—*Hon. H. L. McCune,* Judge.

AFFIRMED.

*Charles B. Adams, Wash. Adams* and *John L. Riley* for appellants.

(1)   The court erred in sustaining the demurrer and dismissing the case.   Westport had authority to. construct sewers and pay for the same out of the general fund, under the law governing cities of the fourth class, independently of the Sewer Act of 1893.   The ordinance was binding and the contract effective, and an obligation to pay for the. work was thereby created, although made pursuant to the Sewer Act of 1893.   The valid portions of the ordinance and contract will be permitted to stand and the invalid portions will be rejected.   State v. Clark, 54 Mo. 37; Johnson v. Duer, 115 Mo. 366; County Com'rs v. Griswold, 58 Mo. 175; St. Joseph ex rel. v. Wilshire, 47 Mo. App. 125; Endlich on Inter. of Stats., sec. 538; Barber v. Harrisburg, 64 Fed. 283; Maher v. Chicago, 38 Ill. 267; Hitchcock v. Galveston, 96 U. S. 341; Shoemaker v. Harrisburg, 112 Pa. St. 385.   Under the general law governing cities of the fourth class, Westport had power to construct sewers and drains as an incident to its power to construct and maintain public highways and to preserve the public health.   R. S. 1889, art. 5, ch. 30; Boyd v. Ward, 85 Fed. 27; 16 Am. & Eng. Ency. Law (2 Ed.), p. 20; 2 Dillon on Mun. Corp. (4 Ed.), secs. 805-806; Conc v. Hartford, 28 Conn. 363; Leeds v. Richmond, 102 Ind. 372; Fisher v. Harrisburg, 2 Grant Cas. (Pa.) 291.   (2) Plaintiffs were not bound to know that the law under which the proceedings were had was unconstitutional, but were justified in doing the work and agreeing to accept the special assessments in payment, assuming that the city possessed the authority to pay for the work with special assessments.   McAllister v. Railroad, 74 Mo. 363; Sessums v. Botts, 34 Tex. 349.   (3) Westport, being without the authority, could not lawfully agree to issue special assessments

in payment for the work; its agreement to that end was the sole consideration for the provisions of the ordinance and contract exempting the city from liability otherwise than by the issue of special tax bills, and the consideration having failed for want of authority, such exemption provisions were void *ab initio.* Barber v. Harrisburg, 64 Fed. 283; Barber v. Denver, 72 Fed. 339; Chicago v. People, 56 Ill. 327; Scofield v. City, 68 Iowa, 695; Fisher v. St. Louis, 44 Mo. 482; Oster v. Jefferson City, 57 Mo. App. 493. (4) Under the rule *ejusdem generis,* the particular class of defects specified in the exemption clause of the contract, such as the lack of a proper petition, against which the city guarded itself from liability, are defects and errors of procedure only, and the general words of exemption in said clause will be treated as referring to defects of the same kind as those specified and will not be taken to include a defect arising from a want of authority to make the assessments. Broom's Legal Maxims (6 Ed.), 625; Vaughan v. Porter, 16 Vt. 266; Cullen v. Butler, 5 M. & S. 461.

*Edwin C. Meservey, W. H. H. Piatt, A. F. Evans* and *Francis M. Hayward* for respondent.

(1) From a void contract no cause of action can arise whether of *quantum meruit* or one sounding in damages. Keating v. Kansas City, 84 Mo. 419; Wheeler v. Poplar Bluff, 149 Mo. 46; State ex rel. v. Murphy, 134 Mo. 548; Unionville v. Martin, 95 Mo. App. 38; Heidelberg v. St. Francois County, 100 Mo. 76. (2) Appellants, when contracting with the city officers, were bound to know at their peril the extent of the city's power, and if the contract is one the city had no power to make, it is not binding on the city. Pryor v. Kansas City, 153 Mo. 142; Cheney v. Brookfield, 60 Mo. 53; Mister v. Kansas City, 18 Mo. App. 217; Keating v. Kansas City, 84 Mo. 415; Wheeler v.

Poplar Bluff, 84 Mo. 46; State ex rel. v. Murphy, 134 Mo. 548; Unionville v. Martin, 95 Mo. App. 38; Book v. Earl, 87 Mo. 246; Barnard v. Knox County, 105 Mo. 382; Sturgeon v. Hampton, 88 Mo. 203; Carroll v. St. Louis, 4 Mo. App. 191. (3) Westport, respondent's predecessor, could incur no liability on an implied contract because a municipality can only be held upon a written contract within the scope of its powers or expressly authorized by law; and it can incur no liability originating in contract, either express or implied or sounding in tort, save on such written contract. R. S. 1889, sec. 3157; Heidelberg v. St. Francois County, 100 Mo. 69; Johnson County v. Wood, 84 Mo. 489; Woolfolk v. Randolph County, 83 Mo. 501; Taylor v. School Dist., 60 Mo. App. 372; Schell City v. Rumsey, 38 Mo. App. 264; Crutchfield v. Warrensburg, 30 Mo. App. 456. (4) For a non-exercise or an erroneous exercise of legislative power a municipality is not liable to one injured thereby. Thornton v. Clinton, 153 Mo. 648; Keating v. Kansas City, 84 Mo. 418; Unionville v. Martin, 153 Mo. 142; Wheeler v. Poplar Bluff, 149 Mo. 729; Ely v. St. Louis, 181 Mo. 729.

ROY, C.—Plaintiff sued for balance of compensation on contract for building a sewer. A demurrer to the petition was sustained, and the plaintiff, electing to stand on his petition, has appealed.

Prior to 1897, Westport, a suburb of Kansas City, was a city of the fourth class. The Act of March 18, 1893 (Laws 1893, p. 101) purported to authorize certain cities including those of the fourth class to construct sewers and pay for the same in special tax bills against the several tracts of land in the sewer district. That act provided (Sec. 13) that such special tax should constitute the only source of payment.

On February 27, 1895, an ordinance of the city of Westport provided for the construction of sewers. Section 4 of that ordinance provided that the work

should be paid for in special tax bills; and then provided "And in no event and in no manner whatever shall the city of Westport be liable for and on account of the cost of doing the work hereinafter provided for." On March 25, 1895, the contract was made, which recited that it was for making the improvements under the provisions of the above named ordinance. It contained the following:

"X. It is further agreed that the passage of the ordinance herein above referred to and the doing of the work embraced in this contract without any proper petition to the board of aldermen from the real estate owners to have said work done, shall not render the city liable to pay directly or indirectly for such work or any part thereof, otherwise than by the issue of special tax bills, and the said first party shall assume all risk as to the validity of such special tax bills, and take the same without recourse against the city of Westport in any event."

The work was done in pursuance of the contract and the special tax bills were delivered to plaintiffs, amounting to $9930.63, of which a part was collected on the tax bills, and a balance of $4456.37 remains unpaid.

On December 2, 1897, Westport became a part of Kansas City, and the latter assumed the valid debts of Westport, in accordance with the Kansas City charter.

The Act of March 18, 1893, was held unconstitutional in Boyd Contracting Co. v. Ward, 85 Fed. 27, decided in 1898, and in Owen v. Baer, 154 Mo. 434, decided in 1899. This suit was begun in June, 1900.

Section 48 of article 4 of our State Constitution provides that the Legislature shall have no power to pay or authorize "the payment of any claim hereafter created against the State, or any county

Cities:
Contracts
to be in
Writing.
or municipality of the State, under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void." Section 3157, Revised Statutes 1889, which was in force when the contract in hand was made, provides that no "municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing," etc.

We will not discuss the question of the effect of the rule of *ejusdem generis* on the construction of the tenth paragraph of the statement. The contract in another place provided that the work was to be done under the provisions of the ordinance; and the ordinance provided that "in no event and in no manner whatever" should the city be liable. In Thornton v. City of Clinton, 148 Mo. 648, an ordinance was in effect held to be part of the contract which referred to it. We therefore hold that the contract expressly provided that the city should not, in any event, be liable. We will not decided whether the city of Westport had the power to contract for the payment of the cost of the sewers out of the general funds of the city. We concede it for the purposes of this case. In Fisher v. St. Louis, 44 Mo. 482, the city made a contract for filling certain ponds on private property which were nuisances. The contract provided that the work should be paid for in special tax bills, and that the delivery of such bills should be full payment. It developed that the tax bills were illegal. This court simply said: "The plaintiff had rendered the stipulated service and was entitled to compensation."

But that was before the adoption of our present Constitution, and before the enactment of the statute under consideration.

The cases cited by appellant from other States and from the Federal decisions are cases not involving the effect of such statutory and constitutional limitations.

Thornton v. City of Clinton, supra, involved in the main the vital points in this case, and it was held that the city was not liable.

In State ex rel. v. Dierkes, 214 Mo. l. c. 590, it was held that the city's power to contract is limited by those constitutional and statutory provisions, and that cases in other jurisdictions do not apply because not affected by such limitations. This court said in the last case cited: "But grant it that there was an implied power authorizing the house of delegates to make a contract with relator for services to the city, yet, such power to contract, whether express or implied; must be exercised in pursuance of the terms of the statute and city charter quoted, and in this case there is no such contract shown."

We appreciate the hardships of this case. At the same time we call attention to the fact that both parties to the contract acted in apparent good faith. Both contemplated the possibility that the special tax bills might be invalid; and it was mutually agreed that the city should in no event be liable. The city, under the statute cannot be held without a contract to that effect, and that contract must be in writing. The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.