WALTER SCOTT, Appellant, v. COUNTY OF ST. LOUIS.—111 S. W. (2d) 186.

Division One, December 14, 1937.

*John A. Nolan* for appellant.

*George E. Heneghan* for appellee.

1086

BRADLEY, C.—The county court of St. Louis County, in 1925, proceeded under what is now Sections 7920-7923, Revised Statutes 1929 (Mo. Stat. Ann., secs. 7920-7923, pp. 6787, 6788), to make certain improvements on what is called Ogden Avenue. The contract to make the improvements was let to Blackburn-Crean Construction Company on a bid of $29,675.23. The construction company made the improvements, and the work was accepted by the county court, and special tax bills against the property abutting on the improved roadway were issued by the county and delivered to and accepted by the construction company. The county paid $7500 on the work, and the balance was covered by the tax bills. The construction company collected on the tax bills an amount sufficient to reduce the balance to $10,889.28, and thereafter assigned the unpaid tax bills to plaintiff. After the assignment, plaintiff brought suit on all the unpaid tax bills. One of these suits was on tax bill No. 962, against the property of Joseph and Eliza Mareschal. It was held in that suit that the tax bill was void. The judgment of the circuit court so holding does not appear in the present record, but it is alleged by plaintiff that it was so held because "St. Louis County was without power or authority to charge any part of the expense of such roadway against the abutting property on Ogden Avenue, and issue special tax bills therefor, since the petition (for the improvement) presented to the county court of St. Louis County did not, in fact, contain the signatures of a majority of the owners resident on said Ogden Avenue and liable to taxation therefor."

In the present cause it was stipulated that "the petition for the improvement did not contain the signatures of a majority of the owners resident on said street and liable to taxation therefor." And it was further stipulated "that by virtue of the decision" in the suit on tax bill 962, "plaintiff has been unable to enforce said tax bill and that plaintiff is barred from recovering on all the other special tax bills."

Under the situation above reflected plaintiff contends and so

pleaded that the county is liable to him for the reasonable value of the labor and material that went into the improvement, less the amount paid, and asked judgment against the county for $10,899.28, the balance unpaid on the tax bills. Defendant denied liability generally, and pleaded clause 62A of plaintiff's assignor's contract with the county. This clause reads:

"When the engineer is satisfied that the entire work has been properly completed, in accordance with the terms of the contract, and that all labor, material and other bills have been paid by the contractor, he shall in a reasonable time, make a final estimate and shall certify to the county court that the work has been completed and approved. The county court shall then issue a warrant in the amount of seven thousand five hundred dollars ($7,500.00) for the county's portion of this work and shall cause to be issued special tax bills for the balance, which tax bills shall bear interest after thirty (30) days at the rate of eight (8) per cent per annum and every such special tax bill shall be a lien against the lot or piece of ground described in same until same is paid. The contractor by his acceptance of such special tax bills properly executed shall release the County of St. Louis from all further claims, and the delivery by the county of such tax bills shall constitute an acceptance of the work called for therein."

The cause was tried before the court without a jury and the finding and judgment were for defendant. Motion for new trial was overruled and plaintiff appealed.

Plaintiff (appellant here) relies principally on Section 12109, Revised Statutes 1929 (Mo. Stat. Ann., sec. 12109, p. 6425), and Fisher v. City of St. Louis, 44 Mo. 482. Section 12109 is as follows:

"If a claim against a county be for work and labor done, or material furnished in good faith by the claimant, under contract with the county authorities, or with any agent of the county lawfully authorized, the claimant, if he shall have fulfilled his contract, shall be entitled to recover the just value of such work, labor and material, though such authorities or agent may not, in making such contract, have pursued the form of proceedings prescribed by law."

Counties and municipalities are, by the Constitution and statutes, safeguarded as to contracts by their agents and representatives. Section 48, Article IV of the Constitution provides:

"The General Assembly shall have no power to grant, or to authorize any county or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered or a contract has been entered into and performed in whole or in part, nor pay nor authorize the payment of any claim hereafter created against the State, or any county or municipality of the State, under any agreement or contract

made without express authority of law; and all such unauthorized agreements or contracts shall be null and void.''

Section 2962, Revised Statutes 1929 (Mo. Stat. Ann., sec. 2962, p. 1827) reads: ''No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.''

In Hillside Security Co. v. Minter et al., 300 Mo. 380, 254 S. W. 188, l. c. 193, it was held that Section 12109 applies only where the contracting parties have failed ''to pursue the *form* of proceedings prescribed by law in executing a contract otherwise authorized by law,'' but that said section does not apply ''where the parties have not followed the *prescribed procedure* leading up to the making of the contract itself.'' (Italics ours.) Plaintiff admits by the stipulation that the contract to make the improvements and the tax bills were void *ab initio,* because ''a majority of the owners resident on'' the portion of the roadway to be improved did not sign the petition for the improvement as required by Section 7920. It is apparent, according to the admission, that the county court did not follow ''the prescribed procedure leading up to the making of the contract.'' One of the *essential* procedural steps was that ''a majority of the owners on'' the portion to be improved sign the petition, and this was not followed, according to the present record.

In Fisher v. City of St. Louis, 44 Mo. 482, relied on by the plaintiff, it appears that Fisher made two contracts with the city for filling up certain ponds on private property within the city, which ponds had been considered as nuisances. The contracts provided that the work would be paid for ''in special tax bills assessed against the owner or owners of the property where the work was done,'' and that the delivery of the tax bills to the contractor should be in ''full payment'' for the work. Fisher did the work and received, as in payment, certain tax bills ''which proved to be invalid, uncollectible, and worthless, having been issued without competent legal authority.'' Fisher sued the city to collect the contract price. It was held that Fisher had done the work ''and was entitled to compensation,'' and that ''if he had not been paid, it was his right to sue for the value of the work.''

Oster v. City of Jefferson, 57 Mo. App. 485, is similar in principle to the Fisher case. The decision in the Fisher case was prior to the adoption of Section 48, Article IV of the Constitution and was also

prior to the enactment of Section 2962, Revised Statutes 1929, but was subsequent to the enactment of Section 12109. Section 2962 was enacted in 1874 (Laws 1874, p. 44), and Section 12109 was enacted in 1863 (Laws 1863, p. 110.) However, what is now Section 12109 was not referred to in the Oster case opinion. The Oster case was subsequent to the adoption of the constitutional provision quoted, supra, and also subsequent to the enactment of Sections 2962 and 12109, but the opinion seems to be based on the Fisher case. It does not appear in the Fisher case why the tax bills were void. In the Oster case the tax bills, by which the city proposed to pay, were void because the city was without authority to issue them. It was pointed out in Cotter v. Kansas City, 251 Mo. 224, 158 S. W. 52, that the Fisher case "was before the adoption of our present Constitution and before the enactment of the statute (now Section 2962) there considered.

Counsel for defendant calls attention to the fact that in the Fisher and Oster cases, the *contractor* was plaintiff and not an *assignee* of mere tax bills as is the situation in the present case, where plaintiff never at any time had a contractual relation with the defendant county. It appears in the record here that plaintiff introduced in evidence the various orders of the county court and the various documents on file with the county court leading to and resulting in the execution of the contract with the construction company, the approval and acceptance of the work, the issue of the tax bills and the acceptance by the contractor of the tax bills. So it appears that the trial court had before it the whole set-up. The judgment of the trial court does not disclose on what theory it is based. It merely recites:

"Whereupon come the parties hereto by their respective attorneys and this cause is resubmitted on the evidence adduced and on the stipulation as to certain facts this day filed herein and the court having seen and heard the same and being duly and fully advised of and concerning the premises doth find the issues herein joined in favor of the defendant and against the plaintiff. Wherefore it is ordered and adjudged by the court that said plaintiff take nothing by his cause of action herein against said defendant and that said defendant go hence without day and have and recover of said plaintiff the costs herein incurred, for which let execution issue."

As stated, the cause was tried to the court, and there were no declarations of law asked or given. In view of the record we do not think the trial court found for defendant on the theory that he could not recover because he never at any time had any contractual relations with the county. Plaintiff proceeded on the theory that he stood in the shoes of his assignor and was entitled to all the rights of his assignor. Conceding (but not deciding) that plaintiff stands in the shoes of his assignor, we are constrained to rule that he cannot

recover, because Section 12109, Revised Statutes 1929, quoted, supra, is not applicable. And this because it does not apply "where the parties have not followed the prescribed procedure leading up to the making of the contract itself" (254 S. W. l. c. 193).

The situation is unfortunate, but since Section 12109 does not apply, "the city, under the statute (Sec. 2962, supra), cannot be held without a (binding) contract to that effect, and that contract must be in writing." [Cotter v. Kansas City, 251 Mo. 224, l. c. 230, 158 S. W. 52.]

The judgment should be affirmed and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.,* absent.