ASH & GENTRY, Appellants, v. CITY OF INDEPENDENCE, Respondent.

Kansas City Court of Appeals, February 20, 1899.

Municipal Corporations: LIABILITY FOR STREET GRADING: FAILURE TO PERFORM ITS DUTY. If a city contracts for the grading of a street it owes an implied duty to the contractor to open the way for the work, and if it neglects to provide for the payment of damages and the assessment of benefits by reason of which the contract is enjoined, it will be liable for the resulting damages unless there is an express provision in the charter or the contract exempting the city from such liability.

Ash & Gentry v. Independence.

*Appeal from the Jackson Circuit Court.*—Hon. E. L. Scarritt, Judge.

Reversed and remanded.

Note: It appears from the record that Independence is a city of the third class.

L. A. Laughlin for appellants.

(1) There can be no question that by section 4942, Revised Statutes 1879, which was the law at the time the contract with plaintiffs was made by the defendant, the city of Independence had the power to enter into a contract to grade its streets. Morse v. Westport, 110 Mo. 502; Warren v. Paving Co., 115 Mo. 572-579; Rose v. Trestrail, 62 Mo. App. 352; Westport ex rel. v. Mastin, 62 Mo. App. 647. (2) There can be no question that the contract was for doing the work required by ordinance number 189, and was valid as to its subject matter. Independence v. Gates, 110 Mo. 374. (3) The fact that the damages and benefits for doing the proposed grading had not been assessed at the time of the letting of the contract in no way affected its validity. Keith v. Bingham, 100 Mo. 300; Gibson v. Owens, 115 Mo. 258, 267; Murray v. Kansas City, 47 Mo. App. 105. (4) The court below decided the case upon the theory that there was no valid contract, and its action in this respect, in view of the authorities was error. The validity of this contract was not questioned by this court in Independence v. Gates, 110 Mo. 374; Gibson v. Owens, *supra.* The same principle is enunciated in other cases in this state. Bean v. Miller, 69 Mo. 384; Railroad v. Springfield, 85 Mo. 674; Hammond v. Beeson, 112 Mo. 190; Steffen v. St. Louis, 135 Mo. 45; Bill v. Denver, 29 Fed. Rep. 344; Theobald v. Burleigh, 66 N. H. 574.

Paxton & Rose for respondent.

(1) In construing a contract words should be taken to have their usual meaning. Goode v. St. Louis, 113 Mo. 257.

The contractors agreed to take the funds arising from special tax bills; there was no intention to bind the general revenues of the city. (2) The case of Independence v. Gates, 110 Mo. 374, is identical with this case and covers the same matters.

GILL, J.—Plaintiffs sued for damages growing out of a contract they had with defendant city for grading a certain street. The matter of complaint was that through the fault of the city plaintiffs were not allowed to complete the work contracted for, and that by reason thereof they were damaged.

In August; 1887, Independence (then a city of the fourth class) entered into a contract with plaintiffs by which the latter were to grade a street between certain points provided for in an ordinance theretofore adopted. STATEMENT. Plaintiffs entered upon the work, and after a considerable portion thereof had been done, some of the owners of abutting lots brought an injunction suit against the city and the plaintiffs and succeeded in perpetually enjoining the work on the ground that the damages and benefits about to result from the grading had not been assessed and paid. The city made no effort then to have the damages assessed as they might under the statute (Laws 1885, p. 47), but shortly thereafter made certain special assessments against the property abutting on that portion of the street which had been about completed. On the tax bills issued for such special assessments the city brought suit but was defeated, a test case reaching the supreme court and there decided. Independence v. Gates, 110 Mo. 374. The court there held that before special assessments could be levied and tax bills issued the entire improvement provided for by the city ordinance should be completed and then assessments made against all the property abutting on the entire street or that portion designated by the ordinance to be improved. And hence then, since the whole work provided for had not

been done and only a portion of the abutting property had been assessed, the tax bills were declared void.

Subsequently the city by ordinance changed the grade of a portion of the street which plaintiffs undertook to grade and macadamized the same, thereby adding another obstacle to the completion of plaintiffs' contract.

In this action plaintiffs claim that because of the failure of the city to settle, or have assessed and paid the damages to abutting property, they were deprived of the right to complete the work which they had contracted to do and thereafter get pay for the same, and hence were damaged, not only for the cost of the grading actually done, and for which they received no compensation, but also what profit they would have made on the work which they did not do and which was included in their contract.

At a trial below by the court without the aid of a jury, the defendant city had judgment and plaintiffs appealed.

I. In all justice it seems that plaintiffs ought to be entitled to recover. Unquestionably the city of Independence had the power by ordinance and contract to engage Ash & Gentry to grade the street. Such an ordinance was passed and a contract in pursuance thereof was entered into. The plaintiffs attempted in good faith to carry out their contract and do the work, but they were prevented from so doing through the fault of the defendant, in that said city did not adjust and settle such damages as some of the abutting property owners might suffer by a change of grade. These owners procured an injunction and stopped the work until said damages should be paid. It was then the duty of the city to proceed and settle these damages—either by itself paying the same, or have them assessed and compensated as it might have done under the statute then in force. Session Acts, 1885, p. 47. But it did neither. Plaintiffs were unable, because of the injunction, to complete the work.

MUNICIPAL corporations: liability for street grading: failure to perform its duty.

*They* could not put the law in motion for the assessment of damages and benefits, while the *city* had the power, and it was its duty so to do.

It comes then to this: Plaintiffs have done a large amount of work in pursuance of their contract with the city, and for which they have received no compensation; by no fault of theirs the work was not finished and hence by reason of the decision in 110 Mo. *supra*, they can not demand of the city an assessment against the abutting owners. Unless then there is something in the statute law governing cities of this class, or something in the terms of the contract between the plaintiffs and defendant, taking said city out of the general rule, it ought to answer for a violation of its contract.

The city owed an implied duty to plaintiffs to open a way for the doing of the work. Although the contract did not in terms provide that the city should adjust the damages done to property owners, it was yet its plain duty to do so. It had the power, while plaintiffs had not. It is proper to apply the same rule here as was done in Murray v. Kansas City, 47 Mo. App. 105, where the defendant contracted with Murray to build a viaduct at a proposed extension of a street, but where a right of way had not then been secured. We held that the city could make the contract and that there was an implied obligation resting on it to secure the right of way. If it failed to do this and the property owner enjoined Murray from constructing the work, then the city became liable to the contractor for damages, for failure to do its duty. Oster v. Jefferson, 57 Mo. App. 485, is also a case somewhat in point. It was there said, that the defendant city "employed plaintiff to improve the street with the understanding that such work was to be paid for out of a fund to be collected from the owners of adjoining lots. The further facts then appearing that the work was done as agreed, but that the city failed or declined to make any effort within a reasonable time to assess and collect from the abutting owners and thereby

raise the money to pay the plaintiff, the city itself must be held to pay the agreed price of the work." Citing numerous authorities, among them being Bank v. Portland, 24 Ore. 189, a case well reasoned and correctly decided. See, also, Steffen v. St. Louis, 135 Mo. 45.

Under some municipal charters contractors are expressly deprived of any right to claim anything from the city because of work of this character undertaken or done; but we find no such exemption in the charter of cities of the class to which the defendant at the time belonged. Nor is there any clause in the contract between these parties that can be so construed. It is there provided, it is true, that when the improvement is *completed* the contractor shall look to the fund collected by the city on special tax bills issued against the abutting property, and that the contractor shall have no recourse on the city because of a failure to collect the same. But there is no clause or sentence that the contractor will waive any demand or charge against the city for its failure to keep its contract and permit the contractor to go forward and complete the work—when and only when said contractor would be entitled to have tax bills issued to raise the fund to pay for the work.

In conclusion, it seems to us, that for plaintiffs' failure to perform their entire contract and thereafter get the pay they stipulated for, the defendant, under the evidence, was to blame.

The judgment then will be reversed and cause remanded for a new trial. All concur.