KEATING, *Appellant*, v. THE CITY OF KANSAS.

1. **Municipal Corporation, Liability of.** A municipal corporation is not liable to one suffering injury in consequence of the non-exercise or defective exercise of its public or legislative powers,

Keating .v. The City of Kansas.

and in the attempted passage of an ordinance it is engaged in the exercise of legislative powers.

2. ———: ORDINANCE: CONTRACT. One contracting with a city through its officers, is bound to take notice at his peril of their powers, and, also, of the legality of its ordinances.

3. **City Charter:** CONTRACT. The charter of Kansas City provided that work done in street grading should be directed by ordinance, such ordinance to specify how payment for it should be made, and in case it was to be made in special tax-bills, the city should in no event be liable on account of the work, and the contract for the work which provided for its payment by special tax-bills also contained the foregoing provision. *Held*, there could be no recovery against the city in any form of action for work done under such contract, and this was so, although, by reason of the defective passage of its ordinance by the city, the contractor failed to recover on the special tax-bills.

4. **Void Contract.** No cause of action either of *quantum meruit*, or sounding in damages can arise from a void contract.

## *Appeal from Jackson Circuit Court.*

AFFIRMED.

*J. Brumback* and *Gardiner Lathrop* for appellant.

(1) Plaintiff was entitled to recover on the ground that the city was negligent in the preparation and passage of what was supposed to be ordinance number 8449, by which the grade of Bell street was attempted to be re-established and in accordance with which grade the engineer prepared plans and specifications and directed the actual doing of the work. Dillon on Mun. Corp. (3d Ed.) p. 475 ; *Kearney v. Covington*, 1 Metc. (Ky.) 339 ; *Chicago v. People*, 56 Ill. 327 ; *Cronan v. Municipality*, 5 La. Ann. 537 ; *Maher v. Chicago*, 38 Ill. 266 ; *Fisher v. St. Louis*, 44 Mo. 482 ; *Beard v. Brooklyn*, 31 Barb. 142 ; *Cunningham v. Mayor*, 11 Paige 596. (2) Plaintiff was entitled to recover by reason of the wrongful acts of the city engineer in preparing plans and specifications and directing the doing of the work in accordance with the provisions of an invalid

ordinance. Authorities *supra*. (3) Plaintiff is entitled to recover by reason of the action of the common council of the city in preventing his completing the work in accordance with the grade of Bell street as fixed by the ordinance numbered 5205, by passing an ordinance fixing the grade of Bell street at the very elevations to which it had been brought by plaintiff. (4) The City of Kansas can pay for public work either in money or in special tax-bills against property deemed benefited by the doing of any such work. (5) *Ubi jus ibi remedium.*

*Wash Adams*, city counselor, and *R. H. Field* for respondent.

(1) For the non-exercise or defective exercise of legislative power a municipal corporation is not liable to anyone injured thereby. Dillon on Mun. Corp., sec. 949; *Saxton v. St. Joseph*, 60 Mo. 153; *Carroll v. St. Louis*, 4 Mo. App. 191. (2) Keating cannot plead his ignorance of a defective ordinance even as against the city as he was bound to take notice of it in dealing and contracting with defendant's officers. Dillon on Mun. Corp., sec. 447. *Mayor, etc., v. Reynolds*, 20 Md. 1. (3) The provision of the charter alone warranted the court in sustaining a demurrer to the evidence. *Saxton v. St. Joseph*, 60 Mo. 153; *Carroll v. St. Louis*, 4 Mo. App. 191; *Goodrich v. Detroit*, 12 Mich. 279; *Bank v. Lansing*, 25 Mich. 207. (4) The contract plead expressly exempts the city from any liability for or on account of the alleged grading. Such provision of the contract precludes recovery. *Creight v. Toledo*, 18 Ohio St. 447; *Pettis Co. v. Kingsbury*, 17 Mo. 479; *Mayor, etc., v. Eschbach*, 18 Md. 276; *Leavenworth v. Rankin*, 2 Kan. 357. (5) *Damnum absque injuria* is a maxim more applicable to the complaint of appellant than that of *ubi jus ibi remedium.*

SHERWOOD, J.—Keating sued the city to recover the

sum of $4,062.66 for certain street grading done by him under a defective ordinance. He had a contract with the city to do the work which expressly provided that the passage of the ordinance, number 14,495, and the doing of said work without any petition or any proper petition therefor, or entire failure or failures properly on the part of real estate owners theretofore or thereafter, to petition the common council to have said work done or improvements made, shall not render the city liable to pay directly or indirectly for such work or any part thereof, otherwise than by the issue of special tax-bills; and said Keating shall assume all risks as to the validity or invalidity of such special tax-bills, and take the same without recourse against the City of Kansas in any event. And the charter of the city provides: "Section 1. The common council shall have power to cause to be graded, constructed, reconstructed, paved, or otherwise improved and repaired, all streets, sidewalks, alleys, and public highways or parts thereof, within the city, at such time and to such extent, and of such dimensions and with such materials, and in such manner and under such regulations as shall be provided by ordinance; and all ordinances and contracts for such work shall specify how the work shall be paid for; and in case payment is to be made in special tax-bills, the city shall in no event or in any manner whatever be liable for or on account of the work." The ordinance, 8449, referred to in the briefs of counsel, was held defective by this court in *Keating v. Skiles*, 72 Mo. 97. In consequence of this holding, Keating failed to recover anything for this work, except what was voluntarily paid him by a few of the property owners.

I. It is a well settled law, that for the non-exercise or the defective exercise of its public or legislative power, a municipal corporation is not liable to anyone who suffers injury in consequence thereof. 2 Dillon on Mun.

Corp. 949. In the attempted passage of the defective ordinance, the city, of course, was engaged in the exercise of legislative powers. *McCormick v. Patchin,* 53 Mo. 33. And for the negligent exercise of such powers no action lies. Keating was bound to take notice, at his peril, of the defective ordinance, when dealing with the officers of the defendant, and cannot urge against the city in this suit, such defects or want of power in such officers. 1 Dillon Mun. Corp. 447; *Cheeney v. Brookfield,* 60 Mo. 53.

II. According to the charter already quoted, when the city agrees to pay for the work in special tax-bills, the city shall in no event, nor in any manner whatever, be liable for or an account of the work. And the contract follows this charter provision, and states in conclusion that said Keating shall assume all risks as to the validity or invalidity of such special tax-bills, and take the same without any recourse against the City of Kansas in any event. If after all this, he can indirectly recover from the city, it must be confessed that neither the city charter nor his contract have any binding force. Both the charter and the contract, it will be observed, are so broad and comprehensive in their terms, that any recovery against the city is denied to plaintiff in any form of action whatever. The requirements of the charter in such cases is the only touchstone of corporate liability. Upon that the contractor with the city must rely. To establish any rule in order to meet the hardships of this particular case, would result in incalculable mischief, and the overthrow of the organic law of the city.

But if the contract with the city was void, owing to the defect in the ordinance, as doubtless it was, this gives no right of action to the plaintiff; for from a void contract, no cause of action can arise whether of *quantum meruit* or one sounding in damages. *Mayor, etc., v. Eschbach,* 18 Md. 276; *McDonald v. Mayor,* 68 New York 23.

The result is that the judgment of the lower court must be affirmed. All concur.