W. W. COOK & SON, Appellants, v. THE CITY OF CAMERON, Respondent.

Kansas City Court of Appeals, May 9, 1910.

1. MUNICIPAL CORPORATIONS: Contracts: Limited Powers. Plaintiff contracted in writing to construct a waterworks system for defendant according to certain plans and specifications. The contract provided that the city engineer should have the right to make alterations in the line, form, grade or dimensions of the work.  Afterwards a change in the route along which the pipes were to be placed required the laying of additional pipes.  This change was orally ordered by the city engineer, and was approved by the resolution of the council, but that resolution neither established the price or described the material to be used.  The extra work was done by plaintiffs and

was worth $1093.37. The city accepted the work by ordinance and acknowledged plaintiff's claim for extra compensation. Section 6759, Revised Statutes 1899, provides that no city shall make a contract unless such contract, including the consideration, be in writing, and it must be made upon a consideration wholly to be performed or executed subsequent to the making of the contract. Plaintiffs were not entitled to recover for such extra work.

2. ———: ———: **Delegation of Authority.** The changes made in the work in this case were beyond the powers of the city engineer to order.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

Affirmed.

*John J. McAnaw* and *LaVergne Orton* for appellants.

The city by its own wrong prevented the contract from being carried out on the line contracted for. And by its own wrong caused the added expense and is liable to plaintiffs for the loss occasioned them by its fault or neglect. Murray v. Kansas City, 47 Mo. App. 105; Brady v. St. Joseph, 84 Mo. App. 399; Chambers v. St. Joseph, 83 Mo. App. 536; Ash v. Independence, 79 Mo. App. 73; Oster v. Jefferson City, 57 Mo. App. 485; Kansas City v. O'Connor, 82 Mo. App. 655; Steffen v. St. Louis, 135 Mo. 44; Messinger v. Buffalo, 21 N. Y. 196; 28 Cyc., XIII, C. 9b; 28 Cyc., IX, G. 3 O, page 94.

*Frank B. Klepper* and *William Fitch* for respondent.

(1) Plaintiffs assert their claim in direct opposition to the positive mandates of the law; under the pleadings and plaintiffs' evidence, it appears that the contract for extras was not in writing, no consideration for it was expressed, bears no date, was not signed by the parties, and all work and material were furnished

before any price was mentioned. Douglass Co. v. Miller Co., 204 Mo. 194; R. S. 1899, sec. 6759; Schell City v. Mfg. Co., 39 Mo. App. 264; Taylor v. School Dist., 60 Mo. App. 372; Savage v. Springfield, 83 Mo. App. 323; Terry v. Board of Education, 84 Mo. App. 21; Pugh v. School Dist., 114 Mo. App. 688; Walcott v. Lawrence Co., 26 Mo. 272. (2) There can be no recovery on a *quantum meruit* against a city. Perkins v. School Dist., 99 Mo. App. 483. (3) Before a county contract is valid there must be a record of it made by the proper authority. Morrow v. Pike Co., 189 Mo. 610. (4) Persons dealing with officers of municipal corporations must at their peril ascertain the powers and authority of such officers. Cheeney v. Brookfield, 60 Mo. 53; Mister v. Kansas City, 18 Mo. App. 217; State ex rel. v. Transfer Co., 83 N. W. 32; Heating Co. v. Bertha, 97 N. W. (Minn.) 424; Black v. Detroit, 78 N. W. 660, 119 Mich. 571; Osgood v. Boston, 43 N. E. 108, 165 Mass. 281; Bennett v. Mt. Vernon, 100 N. W. 349, 124 Ia. 537; Madison v. Newsome, 22 So. 270, 39 Fla. 149; Waterworks Co. v. Raton, 49 Pac. 898, 9 N. M. 70. (5) If a contract leaves the consideration to be agreed upon after the work is done, the contract is void. R. S. 1899, sec. 6759; McBrien v. Grand Rapids, 56 Mich. 95, 22 N. W. 206. (6) Contractors cannot recover for extras ordered by the city engineer without authority from the city council. Leathers v. Springfield, 65 Mo. 504; Griffith v. Los Angeles, 54 Pac. 385; Carroll v. St. Louis, 12 Mo. 444. (7) Where a contract differs from an ordinance, the ordinance will prevail. Road Machine v. Sulphur Springs, 63 S. W. 908, 28 Cyc., 670, 671. (8) A contractor cannot recover in excess of the amount appropriated for the work under the contract. Perkinson v. St. Louis, 4 Mo. App. 322; Saxton v. St. Joseph, 60 Mo. 153. (9) A city is not estopped to plead *ultra vires* to its contracts. Wheeler v. Poplar Bluffs, 149 Mo. 36; O'Connor v. Kansas City, 82 Mo. App. 655; City of Union-

ville v. Martin, 95 Mo. App. 28. (10) A city engineer has no power under his office to extend time of contract. Ayres v. Schmoll, 86. Mo. App. 349. (11) A ·city has no power to ratify except by proper ordinance, and to ratify requires the same formality as to make a new contract. Kraffe v. Springfield, 86 Mo. App. 530; ·Maudlin v. Trenton, 67 Mo. App. 456. (12) Section 9 of specifications, alleged by plaintiffs as a part of ·the contract, was no part of contract in this case, and was void. Anderson v. Ripley Co., 181 Mo. 46. (13) ·The contract relied upon by plaintiffs was clearly *ultra vires* and void. Mister v. Kansas City, 18 Mo. App. 217; Pryor v. Kansas City, 153 Mo. 135. (14) The ·stipulation giving the city engineer power to estimate the costs of any changes that may be made was void as being a delegation of the city's power to contract and of its power to contract. Neill v. Gates, 152 Mo. ·585; Haag v. Ward, 186 Mo. 325.

JOHNSON, J.—This suit is for the recovery of $1093.37, claimed by plaintiffs to be due them from defendant, a city of the third class, for material and labor ·furnished in the construction of a municipal water- ·works system. In obedience to a peremptory instruction, the jury returned a verdict for defendant. Pursuant to an ordinance duly passed defendant entered into a written contract with plaintiffs by the terms of which plaintiffs agreed to furnish certain work and ·material for the waterworks for the consideration of $26,998. The contract approved by ordinance required plaintiffs, among other things, to "furnish cast iron pipe, hydrants and valves, install pipe system complete · and connect up tower and in-take with pipe system, all according to plans and specifications," and provided that "all of the said work and every part of said ma- · terial shall be at all times subject to the approval and · inspection of Hiram Phillips, engineer of said water- ··works system, as provided for in the specifications for

Cook & Son v. City of Cameron.

said work, which are hereby made and constituted a part of this contract." Plaintiffs fully performed this contract and received from the city the full amount of the consideration stated. They furnished extra work and material of the value of $1093.37, for which they have not been paid and their claim for compensation for these extras is the subject of this action.

It appears that after the work was started by plaintiffs, the city met with serious obstacles in obtaining the right of way for the pipe line along the route laid in the plans and specifications. Another and longer route was selected and plaintiffs were directed by the engineer to use it for the pipe line. To comply with this direction called for extra iron pipe of the length of 705 feet and for 300 cubic yards of extra excavation in rock. One of the plaintiffs testified: "I told him (the engineer) it would necessitate a good deal more pipe to do the work and there would be other additional expense. Q. Did he say anything else? A. Only for me to go ahead. Q. Just state all you told him there. A. I told him it would be an extra expense and I didn't know what about it until we consulted the mayor and the committee. I did so. . . . Q. What did they tell you? A. They told me to go on."

For some reason the records of the proceedings of the council were not produced, but it appears from the testimony of the mayor that the change in the route of the pipe was authorized by a motion or resolution. We quote as follows from his testimony: "Q. When this motion was made and the route changed, was there anything in that to establish the price of the material? A. I think not. It's simply to change the route. The price was not specified as I recollect. Q. Was there anything in that motion by which any definite description of the material to be used was given? A. I think not. Just general specifications for the work. Q. Was there anything in that motion as to the excavating necessary to make this change? A. The rock excava-

tion never was thought of until we got to it. . . . Q. The price of this change including material and work was not stated in the motion, was it? A. I think not."

The engineer made and filed with the city council his estimate of the cost of the change but no contract in writing was made for these extras nor was their cost agreed upon by the parties. The specifications referred to in the contract were lost and, therefore, could not be introduced in evidence, but it appears to be conceded that they contained the following provision: "The engineer may make alterations in the line, form, grade or dimensions of the work herein contemplated, either before or after the commencement of construction, and he shall be the sole judge of the damages sustained by the contractor and his decision shall be final."

The city is using the extra pipe line and for argument, we shall concede that after the completion of the work the city accepted it by ordinance legally enacted and acknowledged plaintiffs' claim for extra compensation. There are questions of pleading and practice presented by the record and argued by the parties but since we conclude that the facts stated afford plaintiffs no cause of action on any tenable theory, the decision of such questions would be superfluous.

Defendant argues that the provisions of section 6759, Revised Statutes 1899, defeat the demand of plaintiff for the reason that the extras were furnished pursuant to an oral agreement, or without any contract, while the statute made the claim for compensation depend for its validity on a written contract entered into by the parties before the extras were furnished and stating the consideration to be paid by the city. On the other hand, plaintiffs seek to found their demand on the written contract the parties did enter into, and especially on the provisions of the specifications we have quoted, which must be regarded as an integral part of that contract. Should they fail to

maintain this position, plaintiffs argue that since the city has received the benefit of their labor and property, it should be held to have ratified the acts of its agents and thereby to have bound itself to pay for what it received. The doctrine is invoked that "A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers which are within the scope of the corporate powers but not otherwise. Ratification may frequently be inferred from acquiescence after knowledge of all material facts, or from acts inconsistent with any other supposition." "The same principle is applicable to corporations as to individuals." [Whitworth v. Webb City, 204 Mo. 1. c. 602.]

The case just cited is much relied on by plaintiffs and in the opinion the Supreme Court say: "Having received the benefit of a contract fairly and lawfully made, the city should not be permitted to shirk the burden which goes hand in hand with the benefit received, by refusing to technically accept what it is perfectly willing to actually use." This is good law and good morals and if we could say that in the present case the city has received the benefit of a contract fairly and lawfully made, we would apply this wholesome doctrine, but as we shall show, the demand of plaintiffs is not founded on a lawful contract and, consequently, it falls within the operation of other rules and principles equally as moral and salutary.

Of section 6759, Revised Statutes 1899, this court, speaking through PHILIPS, P. J., said, in Crutchfield v. Warrensburg, 30 Mo. App. 456:

"The history of the times which evoked this legislation can leave no doubt in the mind of one familiar with it, that the controlling purpose inspiring the legislature was to cut off absolutely, among other things, just such claims as the one under consideration. To subject the city to liability for such services, the statute declares affirmatively that the contract must be made and executed in writing prior to the service performed,

for it must express the consideration on its face, to be performed or executed *subsequent* to the making of the contract. In Woolfolk v. Randolph County, 83 Mo. 506, the court say: 'The manifest purpose of the requirement is, that the terms of the contract shall, in no essential particular, be left in doubt, or to be determined at some future time, but shall be fixed when the contract is entered into. This was one of the precautions taken to prevent extravagant demands, and to restrain officials from heedless and inconsiderate engagements.' If a person can, without such contract, in the first instance, go on and bind the city as on an implied contract for the value of his services, it would defeat the very object and design of the Legislature in enacting said statute."

It might be aded with truth that a prime object of the enactment is to remove temptation from city officials to practice favoritism and fraud, through the medium of "implied contracts." If a contract for public work is not in writing and does not state the consideration the contractor is to receive, the statute pronounces it void and no cause of action will inure from the doing of public work under a void contract. Contractors are charged with notice of the restrictions the law imposes on the power of officials to contract on behalf of the municipality. "The law will not make that valid without a writing which the law requires should be in writing." [Chase v. Railroad, 97 N. Y. 389.] "From a void contract, no cause of action can arise whether of *quantum meruit* or one sounding in damages." [Keating v. City, 84 Mo. 419.]

"While it is true that in this case there was the inherent power, doubtless, in this corporation, to employ counsel for the service rendered by plaintiff, yet the statute has prescribed the manner in which that power must be exercised and it cannot be exerted otherwise." [Crutchfield v. Warrensburg, supra.]

"It is, however, clear that if the statute forbidding public bodies from entering into contracts except in writing, is to have any effective enforcement, it will be necessary to deny the right of recovery for the value of services rendered on the ground of any implied undertaking." [Perkins v. School District, 99 Mo. App. 483.]

The facts considered by the Supreme Court in Anderson v. Ripley Co., 181 Mo. 46, are closely parallel in essential respects to those now before us. There, as here, the demand of the contractor was for extras furnished in the construction of a public improvement and the contract provided for such changes or alterations being made as the county superintendent might advise, "and, in such case the said superintendent shall value and appraise such alterations and add to and deduct from the amount herein agreed to be paid to the party of the second part, the excess or deficiency occasioned by such alterations." Changes were made without an additional contract in writing or any statement in writing beforehand of any consideration to be paid the contractor for such changes. The Supreme Court rejected the demand, saying: "The contract for this additional or extra work, beyond dispute, is a part of the contract for the erection of the public building of Ripley county; if the county court can refuse to express any consideration for that work, or provide any method by which the consideration is to be measured, then upon the same principle and in accordance with the same reasons, the entire building may be constructed without any contract as to the price, and the county would, by implication, be liable for the labor performed and material furnished. Such a precedent would not be in harmony with either the letter or spirit of the provisions of our statute, governing the erection of public buildings, and would absolutely destroy all the safeguards surrounding the acts of the public

agents of the counties which this court, for so many years, has so uniformly maintained."

If the changes in the original plans and specifications on which the present demand is founded are such as the written contract contemplated might be ordered by the engineer, plaintiffs still are in the predicament of the contractor in the Anderson case. The written contract does not state the consideration for such extras, nor was any subsequent contract in writing entered into by the parties. The demand for extras falls squarely under the ban of the statute.

Further, we say the changes in the plans were so radical that, with propriety, plaintiffs could have stood on the contract and refused to make them on the ground that the authority conferred by the contract on the engineer did not give him the power to change the general plan of the improvement, but only to make incidental changes in carrying out that plan. To say otherwise would be to hold that the contract invested the engineer with the right to exercise legislative functions. In this respect, the present case differs from the case of Whitworth v. Webb City, supra, as appears in the following excerpt from the opinion in that case:

"The contract sued upon is in all material respects in compliance with the plans and specifications, and, therefore, not at variance with the terms of the general ordinance, and did not, we think, delegate to the city engineer legislative functions that the city council alone could exercise. The general course of the sewer, its termination, and the size of the pipe to be used in its construction are designated by the ordinance; and the slight divergence from the line or course of the sewer, between its starting point and terminus, was not in fact a location of the sewer upon a route different from that indicated by the ordinance, and resulted in no injury to the defendant."

We think the changes ordered by the engineer called for an additional written contract between the

city and the contractor and, since none was made, the demand for the extras is unsupported by any written contract, rests entirely on an oral agreement, and is invalid under the statute.

The judgment is affirmed. All concur.