## J. C. LIKES, Respondent, v. CITY OF ROLLA, Appellant.

### Springfield Court of Appeals, June 2, 1914.

1. **MUNICIPAL CORPORATIONS: Contracts: Liability.** Under Rev. St. 1909, sec. 2778, prohibiting a contract by a city except on a consideration wholly to be performed after the making of the contract, and requiring the contract, including the consideration, to be in writing, a city cannot be liable for work under a contract not in writing, nor on one to pay for work already performed.

2. ———: ———: **Consideration Must be Subsequent.** Since the consideration of such a contract must be rendered after the contract is made, the city cannot render a contract valid by ratifying it after the consideration is paid or performed.

3. ———: ———: **Not Bound by Estoppel or Implied Contract.** Cities cannot be made liable on void contracts either on the theory of estoppel or implied contract by reason of having accepted and used the benefits derived therefrom.

4. ———: ———: **Must be by Ordinance: No Ratification.** Cities act by ordinance and in writing in making contracts, and verbal contracts made by city officials are void and cannot be made valid after the work is done or materials furnished even by ordinance and written contract however formal.

5. ———: ———: **Extras: Power of City Officials.** A city is not liable for additional or extra work done under a contract not so providing although authorized and directed to be done by the city officials having charge of the work and subsequently accepted and ratified by the city.

6. ———: ———: **Paving Contracts: Manner of Payment: Extras.** The contract with a city for paving provided that all work done thereunder shall be paid for in tax bills, and that in

Likes v. Rolla.

no event shall the city be liable therefor, extra work, which the contract provides shall be done at direction of the city engineer, is to be paid for in the same way.

#### Syllabus by the Court.

Appeal from Maries County Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED.

*Holmes & Holmes, Bland & Murphy,* for appellant.

(1) Only authority for respondent to do this paving in question was the verbal request of the mayor and street committee. This was beyond their authority and did not bind the appellant. Clay v. Mexico, 92 Mo. App. 619; Thrush v. Cameron, 21 Mo. App. 394; O'Dwyer v. Monnett, 123 Mo. App. 184; State ex rel. v. Fort, 210 Mo. 556; Murphy v. City of Albina, 29 Pac. 354. (2) General ordinance is not sufficient to authorize street improvements. City to use v. Eddy, 123 Mo. 559. (3) There was no contract in writing for this paving in question; and unless it is in writing it is void, and being void cannot be ratified. Sec. 7, ordinance 37, page 41, abstract; Secs. 2778-2779, R. S. 1909; Cotter v. Kansas City, 251 Mo. 224; Cook & Son v. Cameron, 144 Mo. App. 137; Anderson v. Ripley County, 181 Mo. 46; Crutchfield v. Warrensburg, 30 Mo. App. supra; Compressed Air Co. v. Fulton, 166 Mo. App. 29; State ex rel. v. Dierkes, 214 Mo. 587; Savage v. Springfield, 83 Mo. App. 323; Perkins v. School District, 99 Mo. App. 483. (4) The petition states no cause of action, therefore no valid judgment can be rendered thereon. This objection is available at any stage of the proceedings. Rundelmann v. Boiler Works, — Mo. ——, 161 S. W. 609; Jones v. Lumber Co., — Mo. —, 157 S. W. 864.

*J. J. Crites, Barbour & McDavid* for respondent.

(1) The city of Rolla had the right under its charter to make the complained of improvements at the expense of the city for the general good, and for the safety and convenience of the people. The improvement of the streets is clearly within the scope of its powers. Secs. 9371, 9400, 9401, 9412, R. S. 1909; 28 Cyc. 634. (2) After the work was completed the council accepted it by resolution. This resolution was passed by the affirmative votes of five members of the council—a majority—was approved by the mayor and attested by the city clerk. This resolution, having been passed with the same formality as an ordinance is passed, took the place of an ordinance. McEvilly v. Knott, 49 Mo. App. 616; Wheeler v. Poplar Bluff, 149 Mo. 45; Poplar Bluff v. Hoag, 62 Mo. App. 675; Mulligan v. Lexington, 126 Mo. App. 719. (3) The work was within the scope of the city's inherent and charter powers, and the council had the right by ordinance to ratify and pay for it. Dillon on Municipal corporations (5 Ed.), secs. 297 and 299; Steffen v. Fox, 135 Mo. 44; Imler v. Springfield, 30 Mo. App. 679; Heman v. St. Louis, 213 Mo. 546; Moore v. City of Albany, 98 N. Y. 396; Devers v. Howard, 88 Mo. App. 261; Water Co. v. Aurora, 129 Mo. 583; State ex rel. v. Milling Co., 156 Mo. 634; Whitworth v. Webb City, 204 Mo. 601; City to use v. Armstrong, 56 Mo. 298; Hill v. Indianapolis, 92 Fed. 467; St. Louis v. Ruecking, 232 Mo. 342. (4) The city is estopped to deny its liability under the facts presented by this record. The same rule that would apply to individuals will be applied to the city in this case. Depot Co. v. St. Louis, 76 Mo. 396; Stealey v. Kansas City, 179 Mo. 407; Edwards v. Kirkwood, 147 Mo. App. 616; Wilson v. Drainage District, 158 S. W. 940; Simpson v. Stoddard County, 173 Mo. 463.

STRUGIS, J.—The plaintiff, a contractor, sues the city of Rolla for furnishing the materials and constructing 834,837 square yards of first-class brick pavement with concrete base upon the streets of such city. It is alleged that this work was done at the special instance and request of the defendant city, at the places designated by the defendant, during August and September, 1910; that on October 3, 1910, by resolution of its board of aldermen, the defendant accepted such work and materials and argeed to pay plaintiff $2.34 per square yard, making a total of $1953.53; and that on October 12, 1910, defendant agreed in writing to pay said sum in three equal annual installments. An itemized statement is filed, giving these items: "For the paving in front of the governments lots, $766.87. For the extras as follows: For paving the south half of the intersection of Sixth street and Pine street, $272.38. For paving the east half of the intersection of Eighth street and Pine street, $234.50. For the cross walks, all on Pine street between Sixth and Tenth streets, $679.78, making a total of $1953.53."

It will be noted that the petition does not allege the furnishing of materials and the doing of this work under a written contract, by ordinance or otherwise, previously made by the parties upon a consideration wholly to be performed or executed subsequent to the making of the contract, as required by section 2778, Revised Statutes 1909. The allegation of doing the work at the special instance and request and at the places designated by defendant and the subsequent acceptance and agreement to pay for same in writing plainly implies the contrary and such the evidence shows to be the fact. The court found for the plaintiff and entered judgment for the amount sued for.

The plaintiff put in evidence an ordinance of said city, approved June 2, 1910, accepting the bid of plaintiff for paving Pine street in said city from the center of Sixth street to the center of Tenth street, and award-

ing him the contract. This ordinance provides: "All of said improvements to be paid for in special tax bills issued against the abutting property liable to pay therefor according to the front foot thereof." The written contract for doing such work, dated June 3, 1910, is also in evidence and is in the usual form of such contracts for doing such work under the provisions of sections 9403, 9405 and 9406, Revised Statutes 1909. It provides that such work, when performed according to the contract and plans and specifications made a part thereof and accepted by the city, shall be paid for by the city by special tax bills issued against the property liable for the costs of such work, and further that: "It is also expressly agreed that the said party of the second part shall not be liable to pay directly or indirectly for said work or any part thereof, except in special tax bills as hereinafter provided, and the party of the first shall and does assume all risks as to the legality and illegality, validity or invalidity of said special tax bills, and take the same without recourse against the city of Rolla, Missouri."

It is conceded that this is the only contract made in writing at any time and the only one authorized by any ordinance prior to the time of doing this work. As to the claimed ratification by ordinance or resolution after the work was done, we shall speak later.

Two of the items sued for here, for the paving in front of the government lots, $766.87, and for paving the east half of the intersection of Eighth street and Pine street, $234.50, are embraced in the paving of Pine street from curb to curb from the center of Sixth street to the center of Tenth street provided for by the ordinance and contract above mentioned. To complete and comply with his contract plaintiff must do the paving which is sued for in these two items, and, under the contract, the city is not liable therefor, except to issue special tax bills covering the same. It should be said in explanation of these items that the

United States acquired title to certain lots fronting on the portion of Pine street to be paved for post-office purposes and it is assumed by all parties that no valid tax bill could be issued against this property. As to the second item, just mentioned, the evidence shows that Eighth street to the center of Pine street had already been paved but on a different grade and, perhaps, with inferior or different materials, and same was torn up and repaved, but for some cause it was not thought best or fair to include this work in the special tax bills. [See section 9405, R. S. 1909.] The other items sued for are clearly outside the contract in question and this extra paving was brought about by extending the paving of Pine street further south than the center of Sixth street, its terminus under the contract, to the south side of Sixth street, and by also extending the paving at street intersections beyond the extended curb line to the extended property line, thereby making paved crosswalks in line with the sidewalks.

The basis of plaintiff's claim for recovery against the city, in addition to its ratification after the work was done, is a parol contract with the mayor and members of the city council, constituting the street committee, authorizing the doing of this work at the expense of the city. The evidence shows that, as to the paving fronting on the government property, the plaintiff declined to sign the contract above mentioned until these city authorities assured him and agreed with him, verbally of course, that the city would pay for this part of the paving. It is also shown that it was not contemplated that the old paving at the intersection of Eighth street and Pine street should be torn up and replaced, but, during the progress of the work, the different grades and, perhaps, other reasons necessitated or made this highly desirable and these same city officials assured the plaintiff and agreed with him that the city would pay for this work. Likewise,

during the progress of paving Pine street, under the contract mentioned, a verbal agreement was made by these city officials to make the extensions mentioned and that the city would pay for the same. In each instance the kind and price of paving was to be the same as provided in the written contract mentioned. In each instance the plaintiff was induced to do the work now sued for by the promise and agreement of the city officials that the city would pay for same.

Under these facts the plaintiff cannot recover. No one can recover against a municipal corporation for work done or materials furnished except under a valid contract made in the manner authorized by law. [State ex rel. v. Dierkes, 214 Mo. 592, 113 S. W. 1081.] The power of such corporations to contract is limited and restricted both as to substance and form. The basis of such limitations and restrictions is our statute, section 2778, Revised Statutes 1909, and it has been ruled time and again that contractors, and others, when dealing with municipal corporations are charged with notice of the restrictions which the law imposes on such corporations and their officials in making contracts. [Keating v. City of Kansas, 84 Mo. 415, 419; Pryor v. City of Kansas, 153 Mo. 135, 142, 54 S. W. 499; Thornton v. City of Clinton, 148 Mo. 648, 659, 50 S. W. 295; Cheeney v. Brookfield, 60 Mo. 53; Anderson v. Ripley County, 181 Mo. 46, 64, 80 S. W. 263.] This statute, section 2778, requires all contracts with cities, including the consideration, to be in writing and while an ordinance of the city and a written acceptance of the same by the other party may be a sufficient compliance with the statute to constitute a valid written contract, Water Co. v. City of Aurora, 129 Mo. 540, 578, 31 S. W. 946, yet, a contract not in writing is absolutely void. [Cotter v. Kansas City, 251 Mo. 224, 230, 158 S. W. 52; Anderson v. Ripley County, 181 Mo. 46, 80 S. W. 263.] In Cook & Son v. City of Cameron, 144 Mo. App. 137, 144, 128 S. W. 269, where a

contractor, under a written contract, was seeking to recover for extra work done at the direction of the city officials, no written contract being made as to such extras, the court said: "If a contract for public work is not in writing and does not state the consideration the contractor is to receive, the statute pronounces it void and no cause of action will inure from the doing of public work under a void contract. Contractors are charged with notice of the restrictions the law imposes on the power of officials to contract on behalf of the municipality. 'The law will not make that valid without a writing which the law required should be in writing.' [Chase v. Railroad, 97 N. Y. 389.] 'From a void contract, no cause of action can arise whether of *quantum meruit* or one sounding in damages.' [Keating v. City, 84 Mo. 419.]" And, at page 146, adds: "The demand for extras falls squarely under the ban of the statute." ·

Not only is a verbal contract made by city officials void and affords no basis for a recovery by one doing work or furnishing materials thereunder, but such a dead contract cannot be subsequently ratified so as to breathe vitality into it. Thus it is said, in Compressed Air Co. v. Fulton, 166 Mo. App. 11, 30, 148 S. W. 422: "Section 2778 of the Revised Statutes, 1909, distinctly provides the method by which cities may contract, it being provided, among other things, that the contract shall be in writing, and it has been held that a contract made by an agent of a city not in accordance with the statute is void *ab initio* and cannot be ratified. [See Savage v. City of Springfield, 83 Mo. App. 323; Perkins v. Independent School Dist. of Ridgeway, 99 Mo. App. 483, 74 S. W. 122.]" And, in Clay v. City of Mexico, 92 Mo. App. 611, 618, the court said: "If such work is done without an ordinance providing for it, the city can not be bound by a ratification of the work after it has been done by any action of the city council. [Kolkmeyer & Co. v. City of Jefferson, su-

pra; Savage v. Springfield, 83 Mo. App. 323.] We conclude that if the purpose of the improvement was to bring the street to the established grade, the street committee was, in the absence of any ordinance providing for the work, without authority to bind the city and that it was not within the power of the city to ratify the unauthorized act of the street committee and street commissioner so as to make the city responsible for the damage alleged in plaintiff's petition.'' See also Cook & Son v. City of Cameron, supra, where the court said, at page 142: ''The city is using the extra pipe line and for argument, we shall concede that after the completion of the work the city accepted it by ordinance legally enacted and acknowledged plaintiffs' claim for extra compensation,'' but held that there was no liability.

Cities cannot be made liable, either on the theory of estoppel or implied contract, by reason of the accepting and using the benefits derived from void contracts, Heidelberg v. St. Francois County, 100 Mo. 69, 76, 12 S. W. 914; Perkins v. School Dist. of Ridgeway, 99 Mo. App. 483, 488, 74 S. W. 122, nor because the special tax bills are valueless because issued illegally or authorized by a void contract or for other reasons. [Cotter v. Kansas City, 251 Mo. 224, 158 S. W. 52.] As there stated, Fisher v. St. Louis, 44 Mo. 482, is no longer the law on this point.

The reason that courts must and do hold that cities cannot ratify a contract not in writing or authorized by a valid ordinance is found in the statute, section 2778, supra. That statute requires that such a contract in order to be valid must be upon a consideration to be performed *after the making of the contract*. A contract, however formal and authorized by a valid ordinance, to pay for work or materials already performed or furnished, is void and no recovery can be based thereon. In Crutchfield v. Warrensburg, 30 Mo. App. 456, 461, the court held that: ''The whole legis-

lative powers are vested in the mayor and aldermen. Their acts, as a municipal body, are evidenced by ordinances duly passed; without which the corporation is not bound, even where it has power to act in the matter," and, that it would not bind the city even if a majority of the board sanctioned the action of the mayor in making a contract for its benefit, and then adds: "To subject the city to liability for such services, the statute declares affirmatively that the contract must be made and executed in writing *prior to the service performed,* for it must express the consideration on its face, to be performed or executed *subsequent* to the making of the contract. . . . While it is true that in this case there was the inherent power, doubtless, in this corporation to employ counsel for the service rendered by plaintiff, yet the statute has prescribed the manner in which that power must be exercised, and it cannot be exerted otherwise." This doctrine has received the express sanction of the Supreme Court in Anderson v. Ripley County, 181 Mo. 46, 80 S. W. 263, and of the Kansas City Court of Appeals in Cook & Son v. City of Cameron, 144 Mo. App. 137, 143, 128 S. W. 269. We had occasion to consider the lack of power of cities to act except by ordinance in Bigelow v. City of Springfield, 162 S. W. 750, and adhere to what is there said.

The acts of ratification on which plaintiff relies as authorizing a recovery here are that after the work was all done, the city passed a resolution accepting as satisfactory the paving done by the plaintiff on Pine street between the centers of Sixth and Tenth streets. Evidently this resolution only had reference to the work done by plaintiff under the written contract for which special tax bills were to be issued, because it excludes part of the work now sued for. The city also, after such work was done, passed an ordinance apportioning the costs thereof and levying and direct-

184 Mo. App.—20

ing special tax bills issued against the property front-
ing on Pine street and, among others, authorized the
issuance of tax bill number 25 against the city of Rolla
for the work and items and amounts here sued for.
This tax bill against the city was actually issued but
is not claimed to be valid. The action of the city in
issuing it is claimed to be a ratification. Without going
into the sufficiency of these acts as a ratification, could
a ratification be made at that time, we rule that such
acts did not and could not have that effect.

Plaintiff calls our attention to this provision of
the written contract for paving Pine street and issu-
ing special tax bills therefor: ''Any work not herein
specified which may be fairly implied as included in
this contract of which the engineer shall be the judge,
shall be done by the first party without extra charge.
The first party shall also do such extra work, in con-
nection with the contract, as the engineer specially
directs, and if it shall be of a kind for which no price
is stated in the contract, such price shall be fixed by
the engineer, but no claim for extra work shall be
allowed, unless the same was done in pursuance of
special orders, as aforesaid, and the claims presented
as soon as practicable after the work is done and be-
fore the final estimate.'' It is then urged that this
provision of the contract is sufficient to warrant the
doing of the additional and extra work now sued for
at the direction of the city officials. However that
may be, it must be borne in mind that this written con-
tract was entered into under sections 9403 and 9406,
Revised Statutes 1909, and provides that all work done
thereunder shall be paid for in tax bills and in no
event is the city to be held liable therefor. It is evi-
dent, therefore, that any additional or extra work
thereby authorized must be such as can be included
in the special tax bills to be issued thereunder. This
is not a contract for work to be paid for by the city
and we cannot so construe a contract expressly ex-

empting the city from all liability for work done there--
under into one making the city liable for such work
either in whole or in part.

This case is unlike Heman v. City of St. Louis,
213 Mo. 538, 547, 112 S. W. 259, which involved
a contract authorized by the charter of that city cov-
ering all work to be done during a year's time in a
large section of the city and providing that the pay-
ment for "extra work" should be made by the city.
There the contract made the city liable; here it ex-
empts it. Nor is Whitworth v. Webb City, 204 Mo.
579, 103 S. W. 86, in point, as the city's liability for
extra work was not involved and all that is there said
applies to a contract obligating the city to pay per-
sonally for work done.

Nor does this suit involve the liability of defend-
ant city growing out of its violation of a contract or
its refusal to perform or permit the performance of
a contract made by it. The suit is not brought
nor was it tried on any such theory. Defendant
is sued for an initial liability under the contract,
not a consequential liability for its violation. Cham-
bers v. City of St. Joseph, 33 Mo. App. 536; Oster v.
City of Jefferson, 57 Mo. App. 485, and Ash & Gentry
v. Independence, 79 Mo. App. 70, and similar cases
are not applicable. [See Thornton v. City of Clinton,
148 Mo. 648, 662, 50 S. W. 295.]

The apparent hardship and injustice resulting to
one who has acted in good faith arising from enforc-
ing the strict rules laid down by our statutes in mak-
ing contracts with public corporations has often been
weighed against the abuse and squandering of public
money growing out of a disregard of such restric-
tions. We refer any interested reader to Crutchfield
v. Warrensburg, supra, and Cotter v. Kansas City,
supra. It is sufficient to say that this State has tried
both systems and until the Legislature sees fit to adopt

a less strict rule, or permits the courts to do so, we must enforce the law as we find it.

The result reached is that the petition does not state a cause of action and none is shown by the evidence. Other questions are discussed in the able briefs of learned counsel on either side, but what we have said disposes of the case adversely to plaintiff and the judgment of the trial court is reversed.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.