L. P. FLESHNER, Appellant, v. KANSAS CITY, MISSOURI, a Municipal Corporation.—156 S. W. (2d) 706.

Division One, December 12, 1941.

*Joe Levin, R. W. Cummins, Harold Waxman* and *Chas. N. Sadler* for appellant.

*William E. Kemp,* City Counselor, *John R. James* and *J. Gordon Siddens,* Assistant City Counselors of Kansas City, for respondent.

DOUGLAS, J.—This is an action for breach of an oral contract. The petition charges that in 1926 plaintiff was injured while

employed by Kansas City in its water department. In 1928 he became totally disabled because of the injuries. He then entered into an oral contract with an agent of the city by which it was agreed the city would keep him on the payroll and pay him his monthly salary for life in settlement of his claim arising from his injuries. In accordance with such oral contract he received monthly payments until July, 1940, but the city has refused to make subsequent payments. He asks for $22,747.76 on the basis of his life expectancy. The city's demurrer to such petition was sustained and plaintiff has appealed.

■ By express mandate of both statute and charter, respondent city is prohibited from making an oral contract. (We take judicial notice of respondent's charter. Const. Art. IX, Sec. 16.) Section 92 of Article IV of its charter provides that all contracts shall be in writing; Sec. 3349, R. S. Mo. 1939, states: "No county, city, town, village, school township, school district or other municipal corporation shall make any contract . . . unless such contract . . ., including the consideration, shall ■ be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing."

An oral contract made by any county or municipal corporation in violation of this statute is void. [Mullins v. Kansas City, 268 Mo. 444, 188 S. W. 193; Savage v. Springfield, 83 Mo. App. 323; Montague Compressed Air Co. v. Fulton, 166 Mo. App. 11, 148 S. W. 422; Likes v. Rolla, 184 Mo. App. 296, 167 S. W. 645.] For failure to comply with this statute generally see Aquamsi Land Co. v. City of Cape Girardeau, 346 Mo. 524, 142 S. W. (2d) 332. Such a contract being unlawful and void ab initio cannot be given force or vitality by ratification. [Eureka Fire Hose Mfg. Co. v. City of Portageville (Mo. App.), 106 S. W. (2d) 513.]

Judge McQuillin states the general rule to be "that if a contract is within the corporate power of a municipality but the contract is entered into without observing certain mandatory legal requirements specifically regulating the mode in which it is to be exercised, there can be no recovery thereunder. If a statute or charter says that certain contracts must be let to the lowest bidder, or that they must be made by ordinance, or that they must be in writing, or the like, there is a reason therefor based on the idea of protecting the taxpayers, and inhabitants, and these provisions are mandatory, and while it is undoubtedly true that mere irregularities in making the contract are not fatal to a recovery, yet if the contract is entered into or executed in a different manner, the mere fact that the municipality has received the benefits of the contract which has been performed by the other party, does not make the municipality liable, either on the theory of ratification, estoppel, or implied contract, in order to do justice to the other party by paying the reasonable value of the property or services." [McQuillin, Municipal Corporations (2 Ed.), sec. 1283.]

█ It is true, as appellant urges, that the doctrine of estoppel applies to municipalities as well as to natural persons and private corporations when necessary to prevent a manifest injustice. But as to municipalities it is applied cautiously because of the public-interest involved. [State ex inf. McKittrick v. Missouri Utilities Co., 339 Mo. 385, 96 S. W. (2d) 607.] Nevertheless, it is a well recognized rule that the doctrine of estoppel is not applied in cases such as this where the city had no power under any circumstances to make the oral contract in question. "Vain and futile would Constitution and statutes and charter be if any officer of the State, or of a county, or of a city, or other municipality, could follow them only when he saw fit. If by estoppel such salutary provisions, enacted with wise foresight as checks upon extravagance and dishonesty, can be utterly abrogated at will by any officer, such provisions then subserve no purpose . . ." [Mullins v. Kansas City, supra.]

█ Nor may a void contract be likened to a contract within the Statute of Frauds where part performance ousts the application of the statute. The latter is not prohibited from being made but is only prohibited from being enforced. It is not void, it is simply unenforcible. [Kansas City v. O'Connor, 82 Mo. App. 655.] The contract before us is void because the city is prohibited from making it and no performance on either side can make it enforcible.

The rules of law governing this case, established for the public good, doubtless impose a severe hardship on appellant. However one may not deal with those representing municipal governments without taking notice of the limitations of their powers and authority.

The judgment dismissing the petition is affirmed. All concur.