Shirley Jean GRAUF and Sandra Jane Grauf, Claimants-Appellants,

v.

CITY OF SALEM, Missouri, Employer-Respondent.

No. 7417.

Springfield Court of Appeals. Missouri.

Oct. 19, 1955.

Dewey Routh, Rolla, for claimants-appellants.

L. Clark McNeill, W. E. Seay, Salem, for employer-respondent.

STONE, Judge.

Shirley Jean Hull (formerly Grauf) and Sandra Jane Grauf (hereinafter referred to as claimants), the widow and minor daughter of Edward Keith Grauf, appeal from the judgment of the Circuit Court of Dent County, Missouri, reversing a final award of the Industrial Commission against the City of Salem, Missouri (which had elected under Section 287.090 to accept the Missouri Workmen's Compensation Law), for death benefits in the aggregate sum of $5,011.79 and burial expenses of $400 under the Law. Chapter 287. (All statutory references herein are to RSMo 1949, V.A.M.S.) Grauf died on August 29, 1951, when the walls of a sewer ditch, in which he was working some sixteen feet below ground level, caved in. As the Commission found and as the record clearly shows, Grauf was then an *actual* or *direct* employee of Ozark Contractors, Inc. (hereinafter referred to as Ozark), a minor employer [Section 287.-050] engaged in excavation of ditches for the laying of certain extensions to the municipal sewer system and in backfilling the ditches after the pipe or tile had been laid. The primary question on appeal is whether, as the Commission further found, Grauf was also a *statutory* employee of the City. Section 287.040.

The only *record* evidence of any action by the City with respect to the sewer project under consideration was that, at a regular meeting of the Board of Aldermen on April 2, 1951, a motion was made, seconded and carried "that the City will furnish pipe and lay same, property owners to dig and cover ditch on the proposed Taylor sewer district so soon as the City can get to it." "Taylor sewer district" apparently was used as a convenient term to refer to the territory to be served by the proposed sewer extensions, there being no showing that any such sewer district had been created or established by ordinance or otherwise. Cf. Sections 88.717 and 88.720. Ernest Martin, the then Mayor of the City who was also a property owner in the "Taylor sewer district," talked with Clark D. Wines, President and General Manager of Ozark, "about the job." Wines quoted "a cost per (linear) foot for different depths of ditch," and Martin subsequently told Wines "that we would go ahead as far as he (Martin) could get the property owners to contribute toward the job; now that is the only guarantee I (Wines) had on the job was his word to that extent." "As the job went along," further extensions were made from the ends of the lines as originally planned. Wines had thought that "we would continue to put on these additions as long as we could raise money to pay for it."

The "ditch digging machine" was owned by Ozark and was operated by one Truman Seymour, its employee and director. Grauf and other men, all employed and paid by Ozark, did the hand labor incident to excavation and backfilling. The sewer pipe was laid by "a regular crew" of the City's employees supervised by Harold Condray, referred to as "the sewer and water commissioner," who also told Ozark the depth to which each section of the ditch should be excavated, checked the ditch before the pipe was laid, and "at times" (apparently when Ozark's Wines and Sey-

mour were not present) directed Ozark's laborers as to what should be done. Ozark was paid by checks signed by one Wilbur Hughes, who was "in no way connected with the city" but was not otherwise identified in the record. No payment was made by the City either to Ozark or to Grauf.

■ There is no contention that Grauf was an *actual* or *direct* employee of the City, and claimants rest their case on appeal, as the Commission did its final award, on the theory that Grauf was a *statutory* employee of the City. As recognized in claimants' brief, the *essential* elements of statutory employment under the Missouri Workmen's Compensation Law are (1) work done under contract, (2) on or about the premises of the alleged employer, and (3) in an operation of its usual business which it there carries on. Section 287.-040(1); Snethen v. American Compressed Steel, Mo.App., 272 S.W.2d 850, 854; Baker v. Iowa-Missouri Walnut Log Co., Mo. App., 270 S.W.2d 73, 75(2).

Under Section 432.070, no Missouri city "shall make any contract, * * * unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing." It has been said repeatedly and emphatically that the quoted statutory requirements are mandatory, not merely directory; that a city may contract only in the way prescribed; and, that a contract not so made is void. Kansas City v. Rathford, 353 Mo. 1130, 186 S.W.2d 570, 574(6); Donovan v. Kansas City, 352 Mo. 430, 175 S.W.2d 874, 881–882(10), modified 352 Mo. 430, 179 S.W.2d 108, appeal dismissed 322 U.S. 707, 64 S.Ct. 1049, 88 L.Ed. 1551; Arkansas-Missouri Power Corp. v. City of Kennett, 348 Mo. 1108, 156 S.W.2d 913, 915(1); Fleshner v. Kansas City, 348 Mo. 978, 156 S.W.2d 706,

707(3); Woolfolk v. Randolph County, 83 Mo. 501, 505–507(2).

■ Since municipal corporations represent the public, they are to be protected against the unauthorized acts of their officers, and the courts unhesitatingly should enforce compliance with all mandatory provisions of the statutes designed to protect municipalities and their inhabitants. Bride v. City of Slater, Mo., 263 S.W.2d 22, 26(2, 3). All persons are charged with knowledge of the corporate powers of municipalities, the authority of their officers, and the manner prescribed by statute for the exercise thereof [Fulton v. City of Lockwood, Mo., 269 S.W.2d 1, 7(16); Donovan v. Kansas City, supra, 175 S.W.2d loc.cit. 881(9); Riley v. City of Rock Port, Mo.App., 165 S.W.2d 880, 887(2); W. W. Cook & Son v. City of Cameron, 144 Mo.App. 137, 128 S.W. 269, 270(2)], a municipal corporation is not estopped by the unauthorized acts of its officers [Fulton v. City of Lockwood, supra, 269 S.W.2d loc.cit. 7(13); Grand River Tp., DeKalb County v. Cooke Sales & Service, Inc., Mo., 267 S.W.2d 322, 325(4); Mullins v. Kansas City, 268 Mo. 444, 188 S.W. 193, 196–197(5)], and the fact that a municipality has received the benefit of performance by the other party under a void agreement does not subject it to liability on the theory of estoppel, ratification or implied contract. Kansas City v. Rathford, supra, 186 S.W.2d loc.cit. 574 (8); Fleshner v. Kansas City, supra; Keating v. City of Kansas City, 84 Mo. 415, 419(4). From the foregoing, it is clear that in the instant case the *only* way the City could have had "work done under contract" [Section 287.040(1)] was by a contract *in writing* [Section 432.070], and that, *even if* Martin had purported to act for the City in negotiating an *oral* agreement with Ozark (and it is not demonstrated that he did), there still would have been no valid contract between the City and Ozark.

■■ Recognizing that there had been no *written* contract, the Commission nevertheless thought that, since that fact had

not been pleaded affirmatively in the City's answer to the claim for compensation, "said defense was waived by the City." We need not and do not determine whether the Commission properly may require an employer to plead so-called affirmative defenses in a workman's compensation proceeding, notwithstanding the fact that, as our Supreme Court has pointed out, the provisions of the Civil Code are not applicable in such proceedings and "(n)o 'pleadings' are required under the (Compensation) Act." Gillespie v. American Bus Lines, Mo., 246 S.W.2d 797, 800(3). For, to carry the burden of proof imposed upon them as the parties asserting the applicability of the Missouri Workmen's Compensation Law [Kemper v. Gluck, 327 Mo. 733, 39 S.W.2d 330, 333(5), certiorari denied 284 U.S. 649, 52 S.Ct. 29, 76 L.Ed. 551; McCaleb v. Greer, Mo.App., 267 S.W. 2d 54, 59(3); Kelsall v. Riss & Co., Mo. App., 165 S.W.2d 329, 333(9); Smith v. Grace, 237 Mo.App. 91, 159 S.W.2d 383, 391–392(14)], it was incumbent on claimants to establish every element of statutory employment required by Section 287.040. Cf. Wright v. Pierson, 238 Mo.App. 1157, 195 S.W.2d 519, 523(5). Proof of "work done under contract" was an essential element of claimants' case, and the absence of a valid contract was not an affirmative defense to be pleaded by the City, i. e., a defense resting on a fact not necessary to support claimants' case. See Northrup v. Mississippi Valley Ins. Co., 47 Mo. 435, 444(4); Kersey v. Garton, 77 Mo. 645, 647(3); Hudson v. Wabash W. Ry. Co., 101 Mo. 13, 30(4), 14 S.W. 15, 19; Scudder v. Atwood, 55 Mo.App. 512, 521; Guinotte v. Ridge, 46 Mo.App. 254, 261.

In each of the cases on which claimants here place primary reliance [Haskins v. City of DeSoto, Mo.App., 35 S.W.2d 964; Austin Western Road Mach. Co. v. City of New Madrid, Mo.App., 185 S.W.2d 850; Snip v. City of Lamar, 239 Mo.App. 824, 201 S.W.2d 790], *a written contract had been executed;* but, in the instant case, we are confronted with the simple, indisputable and decisive fact that there was no written contract between the City and Ozark. Since the City could have contracted only in writing [Section 432.-070], the work being done by Ozark and its employees, including Grauf, was not "work done under contract" with the City; and, there being no proof of the first essential element of statutory employment, i. e., "work done under contract" [Section 287.040], the final award of the Commission in favor of claimants predicated on a finding of statutory employment of Grauf by the City is without required evidentiary support. Const. of 1945, Article V, Section 22, 2 V.A.M.S.; Lunn v. Columbian Steel Tank Co., Mo., 275 S.W.2d 298, 301(2, 3); Foster v. Aines Farm Dairy Co., Mo., 263 S.W.2d 421, 423(2, 3); Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647, 649(3). The judgment of the Circuit Court of Dent County reversing that award should be and hereby is affirmed.

McDOWELL, P. J., and RUARK, J., concur.