Joseph E. JONES, Plaintiff,

v.

LILY TULIP CUP CORPORATION, Defendant.

No. 1533.

United States District Court
W. D. Missouri, S. D.

Feb. 13, 1958.

---

John Hosmer, Springfield, Mo., for plaintiff.

John F. Carr (of Miller, Fairman & Sanford), Springfield, Mo., for defendant.

**R. JASPER SMITH, District Judge.**

Defendant moves for summary judgment in its favor based on the pleadings, the affidavit of James E. Dameron, the affidavit of James R. Walters, and plaintiff's answer to certain requests for admissions, on the theory that the cause of action which plaintiff attempts to assert in his complaint is exclusively controlled by and subject to the Missouri Workmen's Compensation Act, Chapter 287, V.A.M.S., and that plaintiff is a "statutory employee" of defendant within the meaning of that law.

Section 287.040, V.A.M.S., reads in part as follows:

"1. Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business."

The files determine that plaintiff was injured while an employee of Dameron Electric Company. Dameron was under oral contract with defendant obligating itself to keep the entire electrical system of defendant's extensive plant in Springfield, Missouri, in good repair and operating condition on a full time basis. Defendant manufactures paper cups and containers in a plant largely air-conditioned and utilizing more than two hundred individual machines, all electrically powered and employing push-button type control system. Maintaining electrical circuits, motors and lighting in and about the plant is an essentially necessary part of the manufacturing operation of the company and is conducted on a constant basis under the supervision and direction of defendant's plant manager.

Plaintiff was engaged in this work on a full time basis at the time of the accident in question and it is perfectly clear that the work being done was in the usual course of defendant's business. Under these circumstances there can be no question but that plaintiff was a "statutory employee" within the meaning of the Missouri Workmen's Compensation Act. See Morehead v. Grigsby, 234 Mo.App. 426, 132 S.W.2d 237; Grauf v. City of Salem, Mo.App., 283 S.W.2d 14. The files are quite clear that Dameron was operating under and subject to the provisions of the Missouri Workmen's Compensation law; that workmen's compensation insurance was carried by Dameron covering plaintiff, and that in turn Dameron was compensated by defendant for this coverage and that plaintiff in fact had received compensation benefits under Dameron's policy.

It is equally clear that if an employee and employer have accepted the provisions of the Workmen's Compensation Law and are operating under it at the time of an alleged injury, the employee cannot maintain a common law action for damages against his employer, his only remedy being that given by the compensation law. Gardner v. Stout, 342 Mo. 1206, 119 S.W.2d 790; Blaine v. Huttig Sash & Door Co., 232 Mo.App. 870, 105 S.W.2d 946.

The pleadings, admissions and affidavits show that there is no genuine issue as to any material fact. The motion for summary judgment is therefore sustained.

It is so ordered.