### MAHON v. BENNETT.
### No. 4177.

United States District Court
W. D. Missouri, W. D.

Dec. 24, 1948.

See also 75 F.Supp. 666.

Lawrence R. Brown, Paul R. Stinson and Stinson, Mag, Thomson, McEvers & Fizzell, all of Kansas City, Mo., for plaintiff.

Charles M. Miller and Herman M. Langworthy, both of Kansas City, Mo., for defendants.

REEVES, Chief Judge.

On the question of accepting or rejecting the advisory verdict of the jury, able counsel on both sides of the case have presented briefs replete with learning and convincing logic. These have been examined.

It seems proper to advert to the issues as a base for reaching a correct conclusion upon the question presented by defendants' motion to reject the verdict. By the pleadings it was asserted by plaintiff that he entered into a contract of joint adventure or partnership with the codefendant, George Bennett, in the fall of 1944, and that by such an agreement, among other things, they undertook to obtain through the defendant, George Bennett, a garbage collection and disposal contract with the City of Kansas City, Missouri. The then-existing contract for garbage collection was running to expiry. It was believed by the parties that the current garbage contractor would not bid for a renewal of the contract. The plaintiff had familiarized himself, according to his complaint, with the garbage collection and disposal business and the profits that would inure to a contractor under proper management. The principal source of profits accruing under such a contract arose from the feeding of the garbage to hogs. The amount collected per annum appeared adequate to feed approximately 5000 head of hogs at any one time.

Plaintiff had gone in quest of capital to finance such a contract and through an intermediary met the defendant, George Bennett. Immediately Mr. Bennett evinced an interest. Further negotiations ripened into an agreement to the effect that George Bennett would advance $150,000, the plaintiff would advance $10,000, and this aggregate of $160,000 was deemed adequate for a working capital. The plaintiff, on his part, agreed to manage and operate the entire business under the contract including the feeding of the hogs, and for his contribution to capital and for his services the profits would be divided equally, with amounts to be set aside from time to time to amortize or discharge the capital contribution.

Plaintiff's evidence supported the complaint; an oral contract of joint adventure or partnership was consummated on or about the 12th of November, 1944. Immediately thereafter the parties began working out the details for a bid to be submitted by or through George Bennett, when invited to do so by the City. The plaintiff began planning the details of operations under the contract, if same should be awarded on the bid thus to be submitted.

The defendants deny all of this, and, moreover, maintain that it, being a contract not to be performed within a year, was unenforceable under the Statute of Frauds. The Missouri Statute is Section 3354, R.S. Mo.1939, Mo.R.S.A. Like similar statutes, it does not void the contracts mentioned in the statute but merely renders them unenforceable.

On the other hand plaintiff contends that the contract was not within the Statute of Frauds for the reason that it may have been performed and concluded within the year; and, moreover, even so, its part performance by plaintiff would take it out of the Statute of Frauds in an equitable proceeding.

Although strenuously denied by defendant, George Bennett, that such a contract was ever agreed upon between him and the plaintiff, yet the plaintiff's testimony was positive with respect to the oral agreement and he gave complete details of the claimed joint adventure arrangement consummated between him and the defendant, George Bennett, on or about November 12, 1944. The plaintiff was corroborated in his contention by letters written by him to the said defendant between the making of the agreement and its alleged repudiation by the said defendant on March 3, 1945.

Plaintiff said that, relying upon the agreement, he had discontinued his efforts to assemble capital or to arrange to bid for the garbage contract. Again, he is supported in his contention by the defendant's testimony as to the conversation had between them on March 3, 1945.

It may be properly inferred from the testimony of the defendant that there had been an agreement between the parties and that the defendant then emphasized that he

would not carry out a partnership agreement with plaintiff but that he would give the plaintiff employment at a substantial wage or salary, and that in addition he would permit him to participate to a limited extent in the profits of the enterprise. His counter-proposal at the time would indicate that he was endeavoring to get rid of a prior agreement.

The plaintiff declined to accept at once the counter-proposal for the reason, as he said, that he was disappointed, nonplussed and confused by the loss of so profitable a contractual arrangement. He protested to the defendant and was then told that he could either accept the proposal then made by the defendant or he would get nothing. According to his testimony he had spent much time and effort on the matter and since the bids were to be submitted within a few days thereafter he felt helpless to protect himself against what he conceived to be a great wrong. Not being familiar with his rights, and under what he claimed was business coercion or duress, he finally agreed to accept the proposal and incorporated such proposal in a written contract. The garbage contract was awarded to the defendant, George Bennett. Operations began and within a few weeks the connection of the plaintiff was severed, as he contends, without fault on his part.

In his complaint he seeks to establish and have enforced in equity the oral contract of partnership or joint adventure and in the same proceeding to have avoided the written agreement of March 12, 1945 upon the ground that it was induced by business compulsion, duress and coercion.

There was an alternative prayer in plaintiff's complaint to the effect that if it was determined by the court sitting in equity that the written contract was not induced by duress, but that it was a valid contract and such as to supplant the alleged oral agreement, then the plaintiff asked damages for the breach of that contract.

When the case was set for trial a jury was called to hear the evidence and to advise the court on certain factual issues on the equitable side and to determine damages, if necessary, on the law side. There have been two trials. On the first trial the jury advised that there was no oral agreement of partnership or joint adventure and returned an inadequate verdict on the alleged breach of the written contract. A new trial was awarded on all of the issues. Upon the second trial the jury advised the court on the factual issues that: (a) there was an oral contract of joint adventure, and (b) the written contract of March 12, 1945 was superinduced by duress and coercion.

1. As far as procedure was concerned, the court as chancellor was clothed with power to resolve all factual questions on the equity side and then, in order that justice might be full and complete, resolve all law questions without the intervention of a jury. It was permissible, however, and in accordance with approved practice, to call a jury in an advisory capacity on factual questions arising in the equitable proceedings. This procedure was determined upon after careful consideration and the same questions were twice submitted to juries. It would not be proper now, after so long a time, to reject the advice of the jury unless clearly erroneous or because legal barriers have obtruded themselves.

2. The joint adventure agreement did not coincide with the garbage contract. The contract with the city for the collection and disposal of its garbage was the subject matter of the joint adventure or partnership, and the carrying out of the garbage contract formed the basis of the joint adventure agreement. The joint adventure agreement was entered into several months before the garbage contract was awarded. Under what plaintiff claims was the contract, he at once began his preparations for discharge of his duties, if and when the contract was awarded. If the contract had not been awarded to the defendant, George Bennett, then the joint adventure agreement would have been terminated. Naturally that would take it out of the statute of frauds. It would be similar to the case of See v. See, Mo.Sup., 237 S.W. 795, where the lessor gave an oral contract of lease on real estate for his life. Since he might have died within the year, the lease was held not within the statute of frauds. Furthermore, this being an equitable proceeding, the part performance on the part of the plaintiff would take it out of

the statute of frauds, if otherwise it was subject to that statute. Alexander v. Alexander, 150 Mo. 579, 52 S.W. 256.

In the case of Fleshner v. Kansas City, 348 Mo. 978, 156 S.W.2d 706, loc. cit. 707, the Supreme Court of Missouri, in passing made the following statement, which is the law, although not necessary to a decision in that case: "Nor may a void contract be likened to a contract within the Statute of Frauds where part performance ousts the application of the statute."

It would be inequitable, in view of all the facts in the case, to hold that the statute of frauds bars the plaintiff from asserting his rights; particularly since the plaintiff's proof was certain and unequivocal both as to the contract and what he did thereunder. Russell v. Sharp, 192 Mo. 270, 91 S.W. 134, 111 Am.St.Rep. 496.

■ 3. Many other questions have been interposed but the foregoing commentary should dispose of them. For instance, able counsel for the defendants say that the enforcement of the alleged parol agreement would be contrary to public policy and that this is so for the reason that the plaintiff had been an employee of the City and that the Ordinances forbid that "an employee of the City shall have a financial interest direct or indirect in any contract with the City." This is answered by the fact that the contract the plaintiff seeks to enforce is not a contract with the City but is an alleged joint adventure contract with the defendant, George Bennett. It is true that the subject matter of the joint adventure contract involves a contract with the City but at the time that the contract was awarded the plaintiff was no longer an employee of the City, and at the present time he is attempting to enforce a contract in which the City could be in no way interested or affected.

■ In view of the contentions it should be held that the procedure by this motion to reject the verdict of the jury is a proper one and should be approved. However, in view of the above, the motion to reject the verdict should be overruled and the verdict and advice of the jury should be accepted for the guidance of the court.

Counsel for defendants have asked for an oral argument and for an opportunity to present additional evidence. Nearly all angles of the case have been heretofore argued. Two prolonged trials have been had. The case should now be concluded so far as the trial court is concerned.

The Findings of Fact and Conclusions of Law requested by plaintiff are given, and the proposed Judgment or Decree will be entered.