Sandra Kay NEAL, Plaintiff-Appellant,

v.

The JUNIOR COLLEGE DISTRICT OF
EAST CENTRAL MISSOURI, a body
corporate, Defendant-Respondent.

No. 37915.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 22, 1977.

Motion for Rehearing or Transfer
Denied May 6, 1977.

Prudence L. Fink, Union, for plaintiff-appellant.

William D. Kimme, Briegel & Kimme,
Washington, for defendant-respondent.

WEIER, Judge.

Plaintiff Sandra Kay Neal filed suit against The Junior College District of East Central Missouri alleging breach of an oral contract to teach educational psychology. Count I of the petition alleged breach of contract to teach during the 1974 fall semester and Count II alleged breach of contract for the 1975 spring semester. The trial court sitting without a jury found for defendant on both counts and plaintiff appeals. We affirm.

■ Plaintiff's first Point Relied On states: "The Court of Appeals is obliged to review both the law and evidence in a court tried case." We do not quarrel with this abstract statement of law but as a point relied on it violates Rule 84.04(d) and presents nothing for our consideration. Plaintiff next contends that valid executory, bilateral, parol contracts existed between her and the defendant relating to appellant teaching educational psychology for defendant for each of the semesters in question and that the court erred when it determined the evidence failed to establish such contracts.

Appellate review of court-tried cases is governed by Rule 73.01 as interpreted by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc

1976). Under this standard "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron, supra* at 32[1, 2]. Plaintiff is apparently contending either that there is no substantial evidence to support the ruling of the trial court or that the ruling is against the weight of the evidence. The sole issue is whether the record supports the trial court's determination that there were no contracts between plaintiff and defendant for the fall 1974 and spring 1975 semesters. We review the record in this light.

Plaintiff taught educational psychology as a part-time instructor at the junior college during the 1973 spring semester, the 1973 summer session, the 1973 fall semester and the 1974 summer session. For the first session plaintiff was personally contacted by Boyd H. Eversole, Dean of Academic Affairs, inquiring whether she wanted to teach educational psychology for the 1973 spring semester. Thereafter communication from the school concerning plaintiff's teaching other sessions came through plaintiff's husband, Thomas L. Neal, then an instructor of psychology and sociology at the college. Thomas received his information from Terry A. Zanin, chairman of the division, who was relaying information from either Dean Eversole or Dean Edward B. Conway. During each session's registration, plaintiff and her husband kept track of the number of students who were signing up for the class because instructors were only paid the full salary if twelve or more students enrolled. If less than twelve registered the class would either be dropped or taught by an instructor who was willing to be paid at a lower rate. In each session the course scheduled to be taught by plaintiff had enough students so that it was not dropped. No one ever officially told plaintiff to start teaching; she just showed up, knowing the class had enough students. In each session plaintiff signed a written contract several weeks after she had begun teaching the new class. Before the start of the 1974 fall semester plaintiff again received, but only through her husband, communication from the college inquiring as to plaintiff's interest in teaching the same course again. Plaintiff expressed interest and prepared for class and ordered books. During registration, however, plaintiff's husband was informed another instructor would be teaching educational psychology in place of plaintiff. The course was given but it was taught by this other person.

Plaintiff made no complaint about the action of the college. Her husband, however, wrote a memorandum to Terry A. Zanin, division chairman, requesting that he request Dean Eversole to write plaintiff to the effect that if a class in educational psychology was to be taught the next semester (spring 1975) that plaintiff would be the one to teach it. Dean Conway responded by writing, in effect, that it was against school policy to give a commitment like that. Later plaintiff received the usual oral communication from the college inquiring about her availability to teach during the 1975 spring semester but again the class was taught by someone else. Plaintiff was unable to secure another teaching position either semester, despite her efforts.

Plaintiff's husband testified that the communications he received from the college concerning plaintiff were inquiries as to plaintiff's availability, willingness and interest in teaching the course. Zanin testified that he only asked plaintiff's husband if plaintiff would be interested in teaching if the opportunity arose and that he had no authority to do more. The college president, Dr. Donald E. Shook, stated that deans had no authority to offer teachers a contract but could only locate faculty. He further stated that the college does not commit itself to part-time faculty (such as plaintiff) until after registration. Plaintiff agreed that the inquiries from the college

were no more than requests as to her availability and interest. However, plaintiff believed from her past experience that if the college asked about her availability, then she would be the one to teach the class if it was given.

The facts of this case do not compel a finding that there was an oral contract between the parties. There was sufficient evidence from which the trial court could find that there was no contract and such a determination is not against the weight of the evidence. *Murphy v. Carron, supra* at 32[1, 2].

Furthermore, although not advanced by defendant on appeal, § 432.070, RSMo 1969, requires that a teacher's contract must be in writing. *Lynch v. Webb City School District No. 92,* 418 S.W.2d 608, 613[1–3] (Mo.App.1967). This statute is mandatory and is a part of the substantive law. It was therefore necessary that plaintiff allege and prove a written contract to be entitled to judgment. *Pfitzinger v. Johnson, et al.,* 177 S.W.2d 713, 721[12] (Mo. App.1944); *Massie v. Cottonwood School Dist. No. 36 of Nodaway County,* 70 S.W.2d 1108[2] (Mo.App.1934).[1] All of the evidence proved there was no written contract between the parties for the fall semester of 1974 and the spring semester of 1975.

The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.

---

1. The evidence proved plaintiff merely occupied a part-time status under prior written contracts and hence did not come under the protection of the Teacher Tenure Act, §§ 168.102 to 168.130, RSMo 1969.